1829.

Manny
v.
Phillips.

[*472]

---

## MANNY, ADMINISTRATOR, &c. v. PHILLIPS.

Where a debtor conceals his ownership of property to prevent its seizure from executions against him, and one of his judgment creditors aids him in this fraud, this court will not interpose in favor of the debtor against such judgment creditor, but will leave the parties to their legal rights.

If executors or administrators commence a suit in Chancery in good faith, upon probable grounds of right, and to enforce a supposed claim of the testator or intestate, they will not be charged with costs.

But if they bring a suit in this court merely to aid a defence at law, they can-

1829.

Manny
v.
Phillips.
May 19th.

not, in case of failure, be excused from costs here, in a case in which costs would be given against them in the suit at law.

THE bill in this cause was filed to set aside a judgment entered upon a bond and warrant of attorney given by the intestate to the defendant. The whole equity of the bill was denied by the answer; but the complainant proceeded to take testimony, and the cause was heard on pleadings and proofs.

*J. S. Van Rensselaer & J. J. Danford*, for complainant.

*M. T. Reynolds*, for the defendant, cited 2 John. Ch. R. 274; 3 Brown's Ch. R. 475.

[*473]  *THE CHANCELLOR:—The answer of the defendant shows a good and valuable consideration for the bond and warrant on which the judgment was entered up, and there is nothing in the proof to discredit the answer. Probably the intestate had particular reasons for having the fact of his ownership of the horse concealed, to keep it from the reach of executions; and if the defendant had lent himself to such a fraud, it would not be a good reason for the interposition of this court. In such cases this court leaves the parties to their legal rights.

The only possible question in this case is as to the defendant's right to costs. In general, an executor or administrator who brings a suit in this court in good faith, on a probable ground of right, will not be charged with costs. The object of this suit was not to enforce any supposed claim of the intestate against the defendant. Its real object was a defence to the suit at law which was brought against the administrator on the judgment. If an executor or administrator sets up a defence at law which fails, he is chargeable with the costs; and I can see no reason why he should be in a better situation when he attempts to make such defence by the aid of this court. If this suit had been

commenced by the intestate, there could be no possible reason for excusing him from the payment of costs; and in a case like the present, the representative character of the complainant cannot protect him.

The bill must be dismissed with costs.