ISAAC GALE *vs.* JOSIAH GALE and HORACE HOYT.

Fraud, in the sense of a court of equity, properly includes all acts, omissions and concealments which involve a breach of legal or equitable duty, trust or confidence, justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken of another.

The plaintiff was indebted to one S. in the sum of $800, upon a judgment, and owned forty acres of land, worth $1000. Being about to depart for California, and for the purpose of providing the means to pay the judgment, he executed a power of attorney to P., authorizing him to sign and execute a deed of all or any of his real estate, and to sell and dispose of the same absolutely in fee simple, &c. Subsequently P. and G., the latter having full notice of

the facts and circumstances, conspired and combined together, and as the result, P. as the attorney of the plaintiff, conveyed the 40 acres to G.; the deed expressing a consideration of $800, and G. agreeing to reconvey to P. one half of the land. No consideration was in fact paid, or intended to be paid. G. subsequently refused to convey half the land to P., but sold and conveyed the whole 40 acres to H. for $400. The latter had notice of the facts. At the time he took the deed he paid a portion of the consideration. *Held*, that the transactions between P. and G. and between G. and H. were fraudulent and void, as against the plaintiff, and the deeds were ordered to be canceled.

APPEAL from a judgment entered upon the report of referees. The facts are sufficiently stated in the opinion.

*W. C. Johnson*, for the plaintiff.

*A. Sawin*, for the defendants.

*By the Court,* MARVIN, P. J. This case may be shortly stated. In March, 1852, the plaintiff was owing a judgment of $800 to one Snyder, and was about going to California. He owned, with other lands, forty acres of land in Erie county, worth $1000, and for the purpose of providing the means to pay the judgment, he executed a power of attorney to his son-in-law, Timothy Payne, authorizing him to "sign and execute a deed of all or any of his real estate situate in Wales, &c., and to sell and dispose of the same absolutely in fee simple," &c. The power of attorney was general, and the object of the sale was not specified. In May, 1852, Payne and the defendant Gale, the latter having full notice of the facts and circumstances, conspired and combined together, and as the result, Payne, as the attorney of the plaintiff, conveyed the 40 acres to Gale, expressing in the deed the consideration of $800 ; Gale agreeing to reconvey to Payne one half of the land. No consideration was paid or intended to be paid. Gale subsequently refused to convey half the land to Payne. The plaintiff was absent in California about one year. After his return, Gale sold and conveyed the land for the consideration of $400, to the defendant Hoyt. The latter had notice. He paid, at the time he took the deed, a portion of the consideration. This action

Gale *v.* Gale.

was commenced the next day after Hoyt received the conveyance. The referees decided that the transactions between Payne and Gale, and between Gale and Hoyt, were fraudulent, and adjudged them to be so, and that the deeds be canceled, &c.

The defendants cannot protect their title under the power of attorney. Payne and Gale combined to defraud the plaintiff, and Hoyt, with notice, made himself a party to that fraud; or rather attempted to make it successful, and to reap the fruit or half the profits to result from it. It would be a deep reproach upon the law if it could afford no relief under such circumstances. It can hardly be necessary to refer to authorities in this case; but see 1 *Story Eq.* § 184 *et seq.* Fraud, in the sense of a court of equity, properly includes all acts, omissions and concealments which involve a breach of legal or equitable *duty,* *trust* or *confidence,* justly reposed, and which are injurious to another, or by which an undue and unconscientious advantage is taken of another. (*Id.* § 187.) The plaintiff reposed confidence and trust in Payne, and it was Payne's duty to sell the land for the best price he could get; not to conspire, in the language of the referees, with Gale, to deprive the plaintiff of the title of the land without consideration. (*See Reigal* v. *Wood,* 1 *John. Ch. Rep.* 402; 4 *Paige,* 229.)

The plaintiff adopted the proper remedy. There is no foundation for the argument that he should have proceeded to collect the price or value of the land. This would have been a ratification of the sale. Hoyt was not a *bona fide* purchaser, and the court will not give itself any trouble touching his losses. When two or more persons are engaged in a fraudulent transaction to injure another, neither law nor equity will interfere to relieve either of those persons, as against the other, from the consequences of their own misconduct. (*Bolt* v. *Rogers,* 3 *Paige,* 157.) But the plaintiff has nothing to do with this question between Josiah Gale and Hoyt. The complaint was sufficient; no errors were committed on the trial; the decision of the referees was right, and the judgment should be affirmed.

[ERIE GENERAL TERM, January 22, 1855. *Marvin, Bowen* and *Greene,* Justices.]