If we uphold this judgment, we must decide that the maker of an assignment, in fraud of his *Page 287 
creditors, may recover back for his own use the transferred property, provided he chooses his attorney as assignee, and executes the instrument under his advice. Such a judgment would, at least, have this consequence, that future fraudulent transfers would generally be made to attorneys, and the salutary rule that the fraudulent grantor cannot undo, for his own benefit, the transfer he has made, would cease to have any practical operation in restraining frauds upon creditors. The case of Osborne v.Williams (18 Ves., 379), upon the analogy of which this cause was decided in the Supreme Court, was put by the master of the rolls upon the ground that the terms which rendered the contract illegal were imposed by the father on his son, and that the consent of the son to those terms was obtained by a species of moral constraint, arising out of the circumstances. "He put up to sale a situation which the young man would naturally be desirous of obtaining, and could obtain only on the terms prescribed by his father." It was therefore held that the parties were not inpari delicto, and an account of the profits was decreed.
The grantor in a fraudulent conveyance is certainly not less guilty than the grantee, nor is that the species of dealing, between client and attorney, as to which equity affords protection to the client.
The judgment should be reversed and a new trial ordered.
DENIO, Ch. J., concurred in this opinion.