Stearns vs. Felker.

---

## STEARNS VS. FELKER.

ATTORNEY AND CLIENT. (1) *Champerty.* (2, 3) *Rights of attorney and client in case of champertous agreement between them.*

1. An agreement between an attorney-at-law and his client, by which the former is to prosecute an action for the latter, pay the expenses thereof, and divide with the client the amount recovered, is champertous.
2. But in such case the attorney, after prosecuting the action to judgment,

Stearns vs. Felker.

is entitled to full compensation for his services; and the client is entitled to the fruits of the litigation after paying such reasonable compensation.

3. Any amount collected in such action from third persons who have made themselves liable therein as sureties for the defendant, must be accounted for by the plaintiff's attorney in the same manner as if collected from the defendant himself.

APPEAL from the Circuit Court for *Winnebago* County.

The plaintiff appealed from a judgment of nonsuit. The ground upon which such judgment was rendered, will appear from the opinion.

*James Byrne*, for appellant, argued that the agreement between the parties was not champertous (*Thallhimer v. Brinckerhoff*, 3 Cow., 648; 4 Blacks. Comm., 135 ; 14 N. Y., 295, 296 ; *Ryan v. Martin*, 16 Wis., 65) ; that when a champertous agreement as to the prosecution of a former suit is relied upon as a defense to a distinct action, it must at least be *pleaded*; and that plaintiff was entitled to recover notwithstanding such agreement, even admitting it to be champertous. *Ford v. Harrington*, 16 N. Y., 285, 291 *et seq*; 1 Story's Eq. Jur., § 30.

*W. B. Felker*, respondent, in person, contended that the contract testified to by the plaintiff was champertous (23 Barb., 420; 4 Bl. Comm., 135; 1 Pick., 415 ; 9 Met., 489; 1 Ohio, 132; 2 Bish. Cr. Law, §§ 135-137) ; and that after defendant had fully performed all the conditions of the contract on his part, and it was fully executed, plaintiff could not disaffirm, and recover the money received upon it. 19 Wis., 463.

LYON, J. Action for money had and received. The complaint avers that the defendant is a practicing attorney ; that on the 15th of October, 1869, he received from Bray and Armstrong eight hundred dollars to the use of the plaintiff ; that due demand of payment thereof had been made ; and that the defendant has paid over but three hundred and sixty dollars of the said eight hundred dollars. This action is to recover such unpaid balance.

The answer of the defendant admits that he is a practicing attorney; that the plaintiff made the demands alleged in the complaint; and that he paid the plaintiff three hundred and sixty dollars; and denies all of the allegations of the complaint not therein admitted.

It appeared on the trial that the defendant prosecuted a claim for some logs against Wheeler and Raymond, as attorney for the plaintiff, and ultimately recovered judgment not only against Wheeler and Raymond, but also against said Bray and Armstrong, who, by becoming sureties for Wheeler and Raymond in the progress of the suit, had rendered themselves liable to have judgment go against them therein. The bill of exceptions does not show the amount or character of the judgment so recovered, but it appears that the eight hundred dollars mentioned in the complaint was paid to the defendant by Bray and Armstrong for the purpose of procuring a release of their liability upon such judgment. Such payment, as a matter of course, applied upon the judgment. It was a payment of a part or the whole thereof, the same as though Wheeler and ¡Raymond, the principal defendants in that action, had paid eight hundred dollars thereon.

The plaintiff testified on the trial that there was a special agreement made between the defendant and himself in relation to the prosecution of that action, by which the defendant was to carry through the suit, pay all the expenses, and have one-half of the judgment.

The defendant claimed, and the learned county judge held, that such agreement was champertous; and on motion of the defendant, the court nonsuited the plaintiff. Judgment of nonsuit and for costs was perfected and entered against the plaintiff, from which he has brought his appeal to this court.

The agreement between the parties was clearly champertous. Champerty is nothing else than an agreement to aid in a suit and then to divide the thing recovered. This agreement was to prosecute the action, pay the expenses, and divide the fruits of the litigation.

But it does not by any means follow that because the agreement was champertous, the plaintiff should have been nonsuited. There is almost or quite an unbroken line of authorities which hold that although attorney and client may have entered into an agreement in respect to the compensation for the services of the former, which is void for champerty, yet the attorney does not thereby forfeit his right to full compensation for his services, nor the client his right to the fruits of the litigation after paying for such services what the same are reasonably worth. Such is undoubtedly the law, and it harmonizes with the plainest principles of justice. These remarks are only intended to apply to a case where the relation of attorney and client, or some similar relation of trust and confidence, exists between the parties to the illegal contract.

The following are some of the cases which hold the doctrine above stated: *Thurston v. Percival*, 1 Pick., 415; *Rust v. Larne*, 4 Littell, 425; *Merritt v. Lambert*, 10 Paige, 352; *Same Case*, 2 Denio, 607; *Berrien v. McLane*, 1 Hoff., 421, and the numerous cases, both English and American, there cited. See also *Ford v. Harrington*, 16 N. Y., 285.

It follows that the plaintiff should not have been nonsuited at the trial, but he ought to have recovered the balance of the $800 received by the defendant of Bray & Armstrong, after deducting therefrom the $360 paid to the plaintiff on account thereof, and a reasonable compensation for the services of the defendant as the attorney for the plaintiff in the former action; *provided* that there remained a balance in his favor after making such deductions.

It is, perhaps, scarcely necessary to say, that if the plaintiff shall succeed, on the future trial of the action, in proving, as he attempted to prove on the former trial, that the contract was not champertous, then, of course, the terms of the contract must control the verdict. In such case the plaintiff must be held to pay for the defendant's services whatever sum he agreed to pay therefor.

*By the Court.*—The judgment of the county court is reversed, and a new trial awarded.