ROBERT RENFREW, APPELLANT, v. ANGUS McDONALD, RESPONDENT.

*Conveyance in fraud of creditors — action by fraudulent grantor to recover property conveyed.*

This action was brought to set aside a conveyance of certain premises, made by the plaintiff to the defendant to delay and defraud the holders of certain notes, alleged by the plaintiff to have been fraudulently procured from him. The complaint alleging great intimacy with and confidence in the integrity of the defendant, and that the conveyance was made by his advice. *Held*, that the plaintiff was properly nonsuited.

*Ford* v. *Harrington* (16 N. Y., 285), and *Freelove* v. *Cole* (41 Barb., 318) distinguished.

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the plaintiff's complaint at Circuit.

*Hovey & White*, for the appellant.

*J. C. Cochrane*, for the respondent.

TALCOTT, J.:

This is an appeal from a judgment at the Monroe County Special Term, upon a dismissal of the plaintiff's complaint. The complaint was dismissed upon the opening of the plaintiff, before any proofs in the cause were introduced. No statement of the oral opening by

the counsel for the plaintiff is given. It must, therefore, be assumed that the opening of the plaintiff was a statement of his case, substantially as recited in the complaint, and the question which arises is, whether, upon the statements of the complaint, the plaintiff was entitled to recover.

The action is brought to set aside a conveyance of certain premises alleged to have been made by the plaintiff to the defendant, to hinder and delay and defraud the holder of certain notes, made by the plaintiff, in the collection thereof. The notes, the collection of which the plaintiff sought to hinder, delay and evade by the conveyance to the defendant, are, by the plaintiff, alleged to have been fraudulently obtained from him by the holder. The plaintiff alleges great intimacy with and confidence in the defendant, and that it was through the advice of the defendant he was induced to make the conveyance for the fraudulent purpose aforesaid. That the defendant falsely and fraudulently represented that he, the plaintiff, could not defend an action brought on the said notes, and that the defendant sought opportunities to and did finally impress upon the mind of the plaintiff, that he would be ultimately stripped of all his property if he did not make such transfer, and proposed to the plaintiff to make a pretended purchase of the property and pay something thereon, and that the defendant represented that in a short time he, the defendant, would convey said property to plaintiff's wife, so that the same would be saved to the plaintiff. And the plaintiff further alleges and charges, that relying upon the defendant's honesty, integrity and good faith, and believing that he, the plaintiff, was about to be ruined by such notes, he united with his wife in a deed of conveyance of the said property to the defendant. That the defendant paid to him at the time $1,000 as a part of the nominal consideration of the conveyance. That the plaintiff was not in want of the said $1,000, and would not have taken the same except that the defendant insisted that it was necessary to the validity of the conveyance, and that it was agreed between them that the plaintiff was to hold said consideration for the benefit and subject to the order of the said defendant, and the defendant was to hold the conveyance for the benefit of the plaintiff, and either to reconvey the property to the plaintiff upon request and account to him for the rents and profits, or convey the same to the plaintiff's wife, and

account to her for the rents and profits, all of which the plaintiff believed he would do when requested to make such conveyance. That the plaintiff believes the defendant well knew, or had good reason to believe that the notes could not be enforced against the plaintiff, and that the advice of the defendant as to the propriety of the plaintiff's making the conveyance was given with the fraudulent purpose of taking advantage of the confidential relations existing between them, and with intent to defraud the plaintiff out of his interest in the property. That the plaintiff has frequently demanded a reconveyance of the property to himself or his wife, but the defendant has refused to reconvey the same or to account for the rents and profits, and the plaintiff offers to pay back the $1,000, with interest, and any other amount which may be equitably due to the defendant for his services and time spent and expenses incurred in the business connected with the said conveyance, and in caring for and managing the said property.

The case presented by the complaint is a bald case of a conveyance of the property in question, with an express intent to hinder, delay, and defraud the creditors of the plaintiff. The allegation that confidential relations existed between the parties; that the defendant was the adviser of the plaintiff in the transaction, and was sometimes a boarder at the defendant's house, are allegations of a character that might truly be made, in most cases, of such conveyances. It is not unusual, we suppose, that confidential relations, growing out, not of any legal relation or employment, but of mere personal friendship, have existed between the fraudulent grantor and his grantee. The fact that the defendant advised and participated in a scheme to cover up the property of the plaintiff for the purpose of shielding it from the plaintiff's creditors, involving, as it did, the elements of fraud and deception on the part of the defendant, should have admonished the plaintiff that in relying upon the " honesty, integrity, and good faith " of the defendant he was but " leaning upon a broken reed." *Nemo audiendus est allegans suam turpitudinem* is a maxim of equity as well as law, which has, from time immemorial, been applied to a plaintiff who applies to a court of equity, seeking relief from the embarrassments and disappointments in which his attempt to defraud creditors has involved him, when his reliance upon the idea that there is " honesty among

thieves" has proved, in his case, unsafe and disastrous. (*Manny* v. *Philips*, 1 Paige, 472; *Bolt* v. *Rogers*, 3 id., 154; *Gale* v. *Gale*, 19 Barb., 249; *Chamberlain* v. *Barnes*, 26 id., 160; *Gardenier* v. *Tubbs*, 21 Wend., 169; *Proseus* v. *McIntyre*, 5 Barb., 424; Story's Eq. Jur., § 371, etc.)

It is true the Court of Appeals, in the case of *Ford* v. *Harrington* (16 N. Y., 285), held that this rule did not apply to a lawyer who had advised his client to make such a conveyance to himself, but solely, as we understand the case, in consequence of the professional position of the defendant, and the confidence which the grantor had reposed in the grantee as a legal advisor. In the case of *Freelove* v. *Cole* (41 Barb., 318), where the grantor was of weak mind, and had been influenced to make the conveyance by the grantee, who practiced as a lawyer in justices' courts, the Supreme Court of the seventh district held the case to be, in principle, within the case of *Ford* v. *Harrington*, because the grantee was, though not a licensed attorney, a person who held himself out as a lawyer practicing in justices' courts. And we know that persons so holding themselves out and practicing are many times relied upon as lawyers by laymen who do not sometimes know the difference between such a person and a licensed attorney and counselor. It appears that the case of *Freelove* v. *Cole* (*supra*) went to the Court of Appeals and was there affirmed; that is to say, that a case with the same title appears to have been affirmed in the Court of Appeals (Index to 41 Vol. N. Y. Rep., p. 619); but we have been unable to discover any report of any opinion delivered in the Court of Appeals, and assume that the case must have been affirmed as coming within the principle decided in *Ford* v. *Harrington*; and that, in substance, the relations of confidence between the grantor and grantee were founded upon the supposed professional position of the latter.

Though the ancient rule, that in *pari delicto melior est conditio possidentis* may be considered to have been somewhat shaken by the remarks in the opinion delivered in the Supreme Court, yet we do not consider it as overthrown or abrogated. The effort was in both cases to show that the parties were not in *pari delicto*, in consequence of the reliance and confidence placed in the grantee, because he assumed to advise and act in a professional capacity. In the case at bar nothing is alleged by way of excuse for the attempted fraud,

except what might be with more or less truth alleged in every case. The recipient of property with intent to defraud creditors possesses the intimacy and confidence of the fraudulent debtor, and advises the attempted fraud and consents to be made the instrument thereof. To allow the grantor in such a case to set aside the grant and be restored to all he parted with for the illegal purpose, would be to afford great encouragement to future attempts of that character. We think the learned judge at the Special Term correctly held that the plaintiff could not, upon the settled principles of equity, maintain his action.

The judgment should be affirmed, with costs of the appeal.

Present — Mullin, P. J., Talcott and Smith, JJ.

Judgment affirmed, with costs of the appeal.