JAMES FINLAY and Another, Appellants, *v.* JOHN J. LEARY, Respondent.

*Attorney and client — transactions between them, when presumed to be unfair — equity.*

The law views all transactions between attorney and client with caution, and the burden rests upon the attorney to show that his conduct was fair.

Any arrangement made by the attorney's advice for his own benefit is inconsistent with the fiduciary relation, and is impressed by the law with the presumption of invalidity.

The correction of such abuses is a well-recognized head of equity jurisprudence.

APPEAL by the plaintiffs, James Finlay and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 24th day of April, 1894, upon the decision of the court rendered after a trial at the Kings County Special Term dismissing the complaint upon the merits.

*Hector M. Hitchings,* for the appellants.

*John J. Leary,* respondent, in person.

DYKMAN, J.:

This is an action in equity to procure the nullification of certain settlements and agreements between the plaintiffs and the defendant, for the reason that they were unconscionable and unjust, and because they were unjustly extorted from the plaintiffs by the defendant. The action has for its object also the procurement of an accounting for money wrongfully withheld from the plaintiffs by the defendant.

The defendant is a lawyer and he was the attorney and counselor of the plaintiffs in the transactions specified in the complaint.

In the view we take of the case it will be unnecessary to make any detailed statement of the allegations in the complaint or of the proof made in support upon the trial.

The complaint was dismissed by the trial judge and the plaintiffs have appealed from the judgment of dismissal.

The transactions between the plaintiffs and the defendant related to dealings in real property, and the latter was the confidential adviser of the former in respect to all of them.

The evidence in the case discloses a mode of advice, persuasion and coercion on the part of the defendant, which tended in each instance to his benefit and to the disadvantage and loss of the plaintiffs.

It is impossible to escape the conclusion that an undue advantage was taken of the confidential relations existing between the defendant and the plaintiffs to the aggrandizement of the former, and a proper case is thus presented for the interposition and scrutinization of a court of equity, which always scrutinizes closely all transactions between attorney and client and all other parties occupying confidential relations.

The law views all transactions between such parties with caution and waits for evidence of their fairness.

Any arrangement made by the advice of a fiduciary for his benefit is inconsistent with his relation, and is impressed by the law with the presumption of invalidity.

The correction of such abuses is a well-recognized head of equity jurisprudence, and in this case the only remedy of the plaintiffs and their only method for the procurement of the relief which they seek is by an appeal to a court of equity.

The foregoing statements are justified by the following authorities: *Ford* v. *Harrington* (16 N. Y. 285); *State of Michigan* v. *Phœnix Bank* (33 id. 25); *Bain* v. *Brown* (56 id. 285).

The evidence established a plain cause of action in favor of the plaintiffs for the relief demanded in their complaint, and the judgment should be reversed and a new trial granted, with costs to abide the event.

BROWN, P. J., and CULLEN, J., concurred.

Judgment reversed and a new trial granted, costs to abide the event.