DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS,

### DURING THE YEAR 1904.

---

## Peter Papineau v. Spencer M. White and Oliver B. Dobbins, partners, etc.

1. PUBLIC POLICY—*when contract between attorney and client void as against.* A contract for contingent compensation between attorney and client, by which the latter is restricted from settling or compromising his claim without the consent of the former, is void as against public policy.

2. QUANTUM MERUIT—*when attorney may recover under.* Notwithstanding an attorney may have made with his client a contract void as against public policy, yet he is entitled to recover for services actually rendered upon a *quantum meruit* basis.

3. WAIVER—*what is not, of portion of claim sued for.* The fact that a claimant originally brought suit in a justice court does not, after a dismissal of such suit, deprive him of the right to claim in a subsequent suit, brought upon the same claim, instituted in a court of record, an amount larger than the limit of the justice's jurisdiction.

4. INSTRUCTIONS—*must be based upon evidence.* Instructions are improper which are not predicated upon some evidence in the cause.

5. INSTRUCTIONS—*must not assume facts in dispute.* Instructions are improper which assume the existence of facts in controversy in the cause.

Action of assumpsit. Appeal from the County Court of Champaign County; the Hon. CALVIN C. STALEY, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed November 18, 1904.

CLOUD & THOMPSON, for appellant.

SCHNEIDER & SCHNEIDER, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of
the court.

This is an action in assumpsit by appellees against appel-
lant to recover fees for professional services in the matter
of a claim for damages to property of appellant against
the Paxton Electric Company. This appeal is prosecuted
to reverse the judgment of the County Court against ap-
pellant for $150 rendered upon the verdict of a jury for a
like amount.

Appellant settled his claim for damages before suit was
brought, and without the knowledge of appellees, for $1,350.

Appellees first instituted suit against appellant to recover
their fees before a justice of the peace in Ford county, and
recovered judgment for $200. Upon the trial of the case
in the Circuit Court upon appellant's appeal from the jus-
tice's judgment, the jury disagreed, and appellees thereafter
dismissed their suit in the Ford county Circuit Court and
instituted the present suit in the County Court of Cham-
paign county.

The declaration consists of one special count and the
common counts. Appellees testified to making a contract
with appellant, whereby they undertook to prosecute his
claim for damages for a fee of one-half of the amount re-
covered, whether by settlement or by suit. The making of
any such contract was denied by appellant and one Holder-
man, who was present and participated in the interview
between appellant and appellees.

Errors are assigned upon the rulings of the court in ad-
mitting and excluding evidence and in giving and refusing
instructions. The court improperly restricted appellant in
his cross-examination of the witness Dobbins, one of the
appellees. Appellant should have been permitted to in-
quire fully, upon cross-examination of the witness, whether
upon the former trial of the case he testified that the con-
tract with appellant for the fees in question, by its terms
precluded appellant from settling or compromising his
claim without the consent of appellees. If, in fact, such
was the contract, it was void as against public policy,

Papineau v. White.

(North Chicago St. R. R. Co. v. Ackley, 171 Ill. 100,) and we think the highest considerations of public policy demand that, as between attorney and client, a stipulation in a contract for fees, preventing a settlement or compromise of his claim by the client without the consent of his attorney, should be held to invalidate the contract in its entirety. For this reason the court improperly refused to give the jury instruction " D " offered by appellant. If, however, the contract was void and a recovery thereunder not permitted, appellees did not thereby forfeit their right to compensation for services actually rendered, and this they could recover, upon proof, under a *quantum meruit*. Stearns v. Felker, 28 Wis. 594.

It is insisted that appellees, having brought suit against appellant before a justice of the peace to recover for the same services here sued for, and prosecuted such suit in the Circuit Court of Ford county on appeal, must be held to have elected to recover no more than $200, and to have waived their claim under the alleged contract for one-half of the amount received by appellant from the Paxton Electric Company. The suit having been dismissed before final judgment, we are of opinion the mere fact of its institution cannot be held to have constituted an election and waiver on the part of appellees. Stier v. Harms, 154 Ill. 476; First National Bank v. Barse Commission Co., 198 Ill. 233. Evidence that appellees instituted such suit before a justice was, however, competent to be considered by the jury in determining whether the contract claimed by appellees was in fact entered into. For the reasons stated the court did not err in refusing to give to the jury instructions " A," " B " and " C " offered by appellant.

In the series of instructions given at the request of appellees, the second and fifth are not based upon the evidence in the case, and the concluding paragraph of the third, assumes the existence of a contract. These should have been refused.

No evidence was offered by appellees as to the reasonable value of their services, and the sixth instruction given

on behalf of appellees was therefore improperly given. The first instruction, given at the request of appellant, is, however, faulty in the same particular. Appellant was, upon the record in this case, entitled to have his sixth instruction given to the jury as tendered. The modification of the instruction was error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*