## FRANK J. PECK, Plaintiff, v. ELLA J. SANDS, Defendant.

Supreme Court, Cortland County, August, 1922 (Received January, 1923)..

**Executors and administrators — contract by executrix with bank president to pay him her commissions for performing her duties, void.**

A contract by which an executrix agreed to pay to a bank president the commissions thereafter to become due and payable to her, in consideration of the rendition of services by him in advising her as to values of securities and real estate, aiding in the adjustment of claims and the distribution of the estate among the beneficiaries and in general doing the ordinary executorial work, is void as against public policy and cannot be enforced; neither can there be a recovery as upon a *quantum meruit* upon proof of the rendition of the services.

Upon defendant's motion for judgment on the pleadings, on the ground that the consideration of the contract was illegal, the complaint was dismissed with leave to amend, whereupon plaintiff served an amended complaint in which, though he did not allege that in payment for his services he was to receive the commissions thereafter to become due and payable to defendant as executrix, he did allege performance of the services and asked for a recovery based upon a *quantum meruit*. *Held*, that defendant's motion to set aside the verdict in favor of plaintiff will be granted.

MOTION to set aside a verdict.

*Lusk & Buck*, for plaintiff.

*Waters & Hodges*, for defendant.

McCANN, J. The plaintiff has recovered a verdict of $500. Defendant moves to set aside the same upon all the grounds specified in section 549 of the Civil Practice Act. Defendant's counsel in his brief states several reasons why his motion should prevail, but for the purpose of disposing of the same, I have considered only the question of the right of the plaintiff to recover on a *quantum meruit*. The original complaint alleged that defendant engaged the services of plaintiff, who is a bank president, to assist her in the settlement of an estate of which she was an executrix, and that in consideration for the services so to be rendered, and which were subsequently rendered, defendant agreed to pay to plaintiff the fees which she was thereafter to receive as such executrix. Defendant moved for judgment on the pleadings on the ground that the consideration for such contract, to wit, the payment of the commissions to be received as executrix of the estate, was an illegal one and that the plaintiff could not recover. Judgment was, therefore, rendered dismissing the complaint, with costs, with leave to renew. The plaintiff thereupon served an amended complaint in which he alleged the same state of facts except that he did not allege that in payment for such services

he was to receive the commissions thereafter to become due and payable to defendant as executrix of such estate, but did, however, allege performance of the services and asked for a recovery based upon a *quantum meruit*. The amended answer sets out the agreement between the parties to the effect that the plaintiff was to receive as his compensation the fees and commissions thereafter to be allowed to the defendant as executrix. Upon these issues the case was tried. It was claimed that a part of the services rendered were legal services, which could only be rendered by an attorney at law. There is no evidence in the case to show that there were any strictly legal services performed. The services rendered were of a business nature, such as advising as to values of securities and real estate, aiding in the adjustment of claims and in the division of the estate among the beneficiaries and, in general, doing the work which would ordinarily be expected of an executor. The question then arises as to whether or not the original contract having been one which was void as being against public policy, plaintiff, having performed the services thereunder, may now recover upon a *quantum meruit*. Numerous cases have been cited by both plaintiff and defendant. The general rule of law is laid down in many of the cases cited but perhaps stated as well as anywhere in Ruling Case Law (Vol. 6, § 219, p. 827): "As a general rule there can be no recovery on a *quantum meruit* for services rendered or other considerations furnished under a contract which is void for illegality or for reasons of public policy. Although this rule has by some courts been applied even to a champertous contract between an attorney and client, the weight of authority is to the effect that where such a contract is neither *malum prohibitum* nor *malum in se*, the attorney may recover on a *quantum meruit*. * * * Some authorities have taken the view that, if a contract has been executed and one of the parties has the avails, all the harm that can be done to the public has been done, and that therefore the party having the avails may be compelled to pay over the whole of them, or a proportionate share of them to the other party. But the weight of authority is opposed to this view."

It is hardly necessary to discuss all of the cases which are cited upon the briefs. It will, however, be necessary in order that my views be presented, to refer to a few of them. I again quote from the same volume, page 829: "The distinction between the cases where a recovery can be had and the cases where recovery cannot be had of money connected with illegal transactions is substantially this: Wherever the party seeking to recover is obliged to make out his case by showing the illegal contract or transaction, or through the medium of the illegal contract or transaction, or when

it appears that he was privy to the original illegal contract or transaction, then he is not entitled to recover any advance made by him in connection with that contract or money due him as profits derived from the contract; but when the advances have been made upon a new contract, remotely connected with the original illegal contract or transaction, and the title or right of the party to recover is not dependent upon that contract, and his case may be proved without reference to it, he is entitled to recover."

This rule is in harmony with the decision in *Rose* v. *Truax*, 21 Barb. 361, which case was decided in 1855, and I do not find that it has ever been reversed, distinguished or even cited in any of the cases to which my attention has been called on the briefs in this action. In this case, services were rendered as an attorney and lobbyist. It was held that the services rendered were illegal and against public policy. The consideration to be paid to the attorney was based upon the amount saved for his clients. It was held that the contract was an entire one and, therefore, was not divisible and although there were services rendered which standing alone were legal, there could not be a recovery.

I quote from Chitty on Contracts as follows: " The test," says Mr. Chitty, " whether a demand connected with an illegal transaction is capable of being enforced at law, is whether the plaintiff requires any aid from the illegal transaction to establish his case."

In the case at bar there was an agreement made up of two distinct elements: (1) Services of a business and advisory nature to be rendered. (2) The consideration therefor to be the payment of whatever fees the defendant should receive as executrix of her mother's will (the services being rendered in connection with the settlement of said estate).

I do not believe it can be said that the legality of the services can be so separated from the illegality of the consideration that plaintiff is entitled to recover on a *quantum meruit*. The basis of this contract on the part of the defendant was that she was to pay out no more for the services to be rendered than was to be received by her from the court upon the settlement of the estate. It is possible that when the defendant made her contract with the plaintiff with reference to these services, she had in mind the fact that the value of his services was far in excess of the amount of fees which she was to receive from the estate, but that, if she could secure such services, she would be willing to pay him such fees. It is quite likely that if she had in mind the payment for his services based upon a *quantum meruit*, she would not have entered into a contract; therefore, it cannot be said that the services rendered

and the contract therefor are separable. Furthermore the agreement between the parties cannot be set forth without alleging the illegal portion thereof. It is true that the plaintiff in his amended complaint asked for a recovery upon a *quantum meruit,* and without mentioning the illegal consideration, but the defendant in his answer alleges the balance of the contract between the parties and upon the trial it is not disputed. There is no question as to what the contract was. It was for legal services to be rendered and an illegal consideration to be paid therefor, and under the rule laid down by the author Chitty, the plaintiff required the aid of the illegal transaction in order to establish his contract. The minds of the parties never met on any other basis than that of payment for services rendered by turning over the fees to be collected. The consideration was illegal and the law will not imply a *quantum meruit* as a substitute for a contract which is against public policy.

In the case of *Gray* v. *Hook,* 4 N. Y. 449, 459, the same rule from Chitty is laid down. Numerous cases have been cited on counsel's brief showing the refusal of the court to recognize contracts where the services were in themselves illegal, or as against public policy; also on the question of the divisibility of a contract, but I believe that none of the cases show as clear a statement of facts as the one at bar. Here we have a legal contract except that it includes an illegal consideration. A very comprehensive and plain statement of the law is laid down in the case of *Roller* v. *Murray,* 38 L. R. A. (N. S.) 1202. This case is based upon a champertous contract between an attorney and his client, and it was held that no recovery can be had upon the *quantum meruit.* In this respect the court disagrees with many of the other jurisdictions, but it is worth while to note the distinction laid down not only in the opinion, but in the footnotes accompanying the same. The court recognizes in many cases the exception to the rule which has been adopted in many jurisdictions, but only in cases between an attorney and client. I quote as follows: " The general rule is that where an agreement is treated as void merely because it is not enforceable, as in cases under the statute of frauds, or of parol agreements where the contract is not in writing and money is paid or services are rendered under it by one party and the other avoids it, there can be a recovery upon an implied assumpsit for the money paid or the value of the services rendered. In such cases there has been the mere omission of a legal formality, and while by the terms of the statute, he must lose the benefit of his contract, yet there being nothing illegal or immoral in it, he is entitled to be compensated for the services rendered under it [citing cases]. *On the other hand,*

*it is also well said as a general rule that where the contract is illegal, because contrary to positive law or against public policy, an action cannot be maintained, either to enforce it directly or to recover the value of services rendered under it, or money paid on it."*

I am willing to rest my decision in this case upon the language last quoted. It is interesting, however, to read the remaining portion of this decision which discusses the confusion in the decisions over the question as to whether or not a champertous agreement is or is not enforcible on a *quantum meruit*. Counsel for plaintiff claims to rest his right to recover upon *Matter of Snyder*, 190 N. Y. 66. I quote from the headnote as follows: " A clause in an agreement of retainer between attorney and client, prohibiting the client from settling the litigation without the consent of the attorney, is void as against public policy and may be repudiated by the client. * * * A clause therein fixing the value of the attorneys' services at a certain percentage of the moneys to be recovered, so closely connected with the clause prohibiting a settlement as to be a part of a single plan, falls in case the latter clause is repudiated by the client, and the attorneys in that event are entitled to establish a lien upon the proceeds of the settlement for their services according to their real value without reference to such clause."

There was a contract between an attorney and client which was held to contain provisions which were illegal but the plaintiff was still permitted to recover upon a *quantum meruit*, but such recovery was permitted on account of the statutory attorney's lien upon the amount of the recovery.

The cases cited in *Matter of Snyder*, and upon which the decision rests, are cases of contracts between attorneys and clients and the statutory or common-law lien for such services is recognized. In fact, in the case of *Stearns* v. *Felter*, 28 Wis. 594, so cited, it says: " The agreement between the parties was clearly champertous. Champerty is nothing else than an agreement to aid in a suit and then to divide the thing recovered. This agreement was to prosecute the action, pay the expenses, and divide the fruits of the litigation. But it does not by any means follow that because the agreement was champertous, the plaintiff should have been non-suited. There is almost or quite an unbroken line of authorities which hold that although attorney and client may have entered into an agreement in respect to compensation for the services of the former, which is void for champerty, yet the attorney does not thereby forfeit his right to full compensation for his services, nor the client his right to the fruits of the litigation after paying for such services what the same are reasonably worth. Such is undoubtedly the law, and it harmonizes with the plainest principles

of justice. *These remarks are only intended to apply to a case where the relation of attorney and client, or some similar relation of trust and confidence, exists between the parties to the illegal contract.' '*

The last sentence indicates the view of the court upon the limitation which the cases have placed upon the right to enforce such contracts on the theory of *quantum meruit.*

The general rule is well established. If the plaintiff may recover he must do so by reason of an exception to such rule. I do not find that the exceptions include the situation presented in this case. There is no implied contract based upon a *quantum meruit;* neither does the common law or statute imply such a *quantum meruit* in the form of a lien. The contract, therefore, fails and the plaintiff cannot recover.

The defendant is entitled to an order setting aside the verdict on the ground stated, and the motion is, therefore, granted, with ten dollars costs.

Ordered accordingly.