■ CLAYRE LIAMMARI, Appellant, v. JOHN LIAMMARI, Respondent.— Appeal by plaintiff from a judgment of the Supreme Court, Westchester County, dated April 25, 1972, which, after a nonjury trial of defendant's counterclaim which had been severed from plaintiff's cause for divorce, *inter alia*, adjudged that plaintiff holds title to certain real property as a trustee for the equal benefit of both parties and directed her to convey a one-half fee interest in the property to defendant as a tenant in common. Judgment affirmed, without costs. No opinion. Rabin, P. J., Latham, Shapiro and Christ, JJ., concur; Munder, J., dissents and votes to reverse the judgment and to dismiss the counterclaim, with the following memorandum: I see no basis for imposing a constructive trust under the circumstances of this case. A constructive trust is imposed, not to effectuate intention, but to redress wrong or unjust enrichment. It is remedial in character. It is a relationship with respect to property by which the person holding title is held to an equitable duty to convey it to another, on the ground that his acquisition or retention is wrongful and that he would be unjustly enriched if permitted to retain the property (1 Restatement, 2d, Trusts, § 1, comment *e*). To impose a constructive trust at bar would be not to redress a wrong, but to condone one. Whatever wrong that occurred was perpetrated by the one seeking to impose the trust, not by the one holding title. When title was acquired in 1964, plaintiff and defendant were husband and wife and they were buying the property for their marital residence. There were two obstacles: they did not have sufficient moneys and defendant had a substantial judgment outstanding against him. The first obstacle was removed when plaintiff's father gave *her* a gift in the form of a check for $50,000. Whatever form prior gifts from the father had taken is unimportant. He gave this particular gift *only* to his daughter. There was testimony that this was to satisfy in whole or in part his testamentary gifts to her. The second obstacle, the outstanding judgment, was skirted when defendant, upon the advice of counsel, decided that the property should be held in plaintiff's name only. This was to put the property beyond the reach of defendant's judgment creditors, present or future. It was

accomplished by defendant's assigning the contract of sale, without consideration, to plaintiff and title being taken in her name alone. As long ago as 1857, our Court of Appeals said the following about such a situation (*Ford* v. *Harrington*, 16 N. Y. 285, 288) : " The referee has found that [plaintiff] * * * assigned the contract for the purchase of the land to the defendant, for the express purpose of placing it, and his interest in the land under the contract, beyond the reach of his creditors. At least such is the necessary inference from the facts found. The general rule, that courts will, under such circumstances, extend no remedy to a grantor or vendor of property to recover back from the grantee or vendee the property thus transferred, although the transfer is without consideration, is too well settled to be now called in question." It makes no difference that defendant may not have been technically insolvent when he assigned his interest to plaintiff (see Debtor and Creditor Law, § 271). He admittedly did it to hinder or delay his creditors. That being so, and this being an equitable proceeding, equity will not afford relief (*Pattison* v. *Pattison*, 301 N. Y. 65; see 1 Restatement, 2d, Trusts, § 63). The basis for relief, as stated at the outset, is to prevent unjust enrichment. Here, defendant had the use and enjoyment of the property, which was purchased primarily with funds supplied by a third party, and all the time the property was beyond the reach of his creditors. There was no indication of any promise by plaintiff to reconvey at some future time (see *Foreman* v. *Foreman*, 251 N. Y. 237, 240-242). In fact, as long as defendant remained in business, he wanted no interest at all in the property. The judgment directing that he be given a one-half fee interest in the property, as tenant in common with plaintiff, should be reversed and the counterclaim dismissed.