Memorandum. We have concluded that there is sufficient evidence in the record for the jury to find that the defendant should be estopped from relying on the misstatements in the insured’s application in order to void the policy. The defendant’s agent misrepresented the comparative benefits and disadvantages of the policies and also failed to inform Guardian Insurance Company of the contemplated replacement of the existing policies it had issued, as was then required by Insur *1089 anee Department regulation (11 NYCRR 48.5), thus foreclosing the most obvious source of more balancing information. As noted by the Appellate Division these misrepresentations of the defendant’s agent led to the surrender of the insured’s existing policies with Ghardian which brought the insured no gain and cost him the loss of the full reach of the incontestability clause including its provision covering suicide.
We recognize that the insured was not, or may not have been, completely faultless, assuming his mental condition did not affect his judgment, but what was done here was not only an individual wrong, it was also inconsistent with public policy. It has been noted that "[e]ven when the contracting parties are in pari delicto, the courts may interfere from motives of public policy. Whenever public policy is considered as advanced by allowing either party to sue for relief against the transaction, then relief is given to him” (3 Pomeroy’s Equity Jurisprudence, § 941, pp 733-734 [5th ed]; see, also, Ford v Harrington, 16 NY 285, 291).
The order of the Appellate Division should be affirmed.