It is the established law in this state that a champertous contract is void and will not be enforced. Miller v. Anderson, 183 Wis. 163, 168,196 N.W. 869, 871 (1924); see sec. 895.375, Stats. ("No action, special proceeding, cross complaint or counterclaim in any court shall be dismissed on the ground that a party to the action is a party to a contract savoring of champerty or maintenance unless the contract is thebasis of the claim pleaded." [Emphasis added.]). The majority recognizes this principle but holds that the contracts between International Equity Research and Karen K. Gertsch and Peter J. Van Altena are not champertous. I respectfully disagree and would reverse.
The rule against champerty forbids "parties not interested [in a claim held by another] to contract for an interest in the thing to be recovered [by virtue of the claim], upon condition of their carrying on the suit."Barker v. Barker, 14 Wis. 142, [*131], 157, [*144] (1861);see also Stearns v. Felker, 28 Wis. 594, 596 (1871). Thus, with exceptions not material to our discussion, "a bargain to endeavor to enforce a claim in consideration of a promise of a share of the proceeds, or of any other fee contingent on success, is illegal, if it is also part of the bargain that (a) the party seeking to enforce the claim shall pay the expenses incident thereto. . . ." Restatementof Contracts sec. 542(1) (1932). The challenged arrangements between International Equity Research *Page 586 
and Gertsch and Van Altena are thus champertous, since International Equity Research bargained "to endeavor to enforce" Gertsch's and Van Altena's claim against the estate, and to "pay the expenses incident thereto" in return for "a share of the proceeds."
The documents comprising the arrangements between International Equity Research and Gertsch and Van Altena are reproduced in footnotes four and five of the majority's opinion. International Equity Research sought an assignment equal to forty percent of Gertsch's and Van Altena's interests in the estate, and represented to them that "[t]o prove your entitlement will . . . require detailed work from many of our support personnel,at our own expense". (Underlining in original.) International Equity Research also promised to "retain an attorney or law firm to represent you and [that] International Equity Research will pay for all legal expenses . . .."
The contracts submitted to Gertsch and Van Altena by International Equity Research, and signed by them, provided:
 International Equity Research is hereby authorized to take the steps necessary to protect and recover my share of the assets, and for that purpose to employ legal counsel of their choice, if needed, at their expense.
(Underlining in original.) Subsequently, Gertsch and Van Altena executed letters of retainer, submitted to them by International Equity Research, employing the attorney chosen for them by International Equity Research. These letters of retainer, agreed to by Gertsch and Van Altena, summarized the arrangements:
 I understand that you represent the firm of International Equity Research of Minneapolis, Minnesota, *Page 587 
to which I have made an assignment of partial interest. International Equity Research has agreed to pay for your services in representing its interest as assignee in the Estate of Virginia Katze-Miller, my late aunt and step-mother.
 I am informed that you are willing to represent me for the purpose of establishing my right to inherit in this estate, and in obtaining distribution of the assets for the joint benefit of International Equity Research and myself, without making a further charge for that service.[1]
(Emphasis added.)
The majority concludes that the arrangements between International Equity Research and Gertsch and Van Altena were not champertous because the "heirship was never in a posture of litigation" since no objections were filed and the proof of heirship was conclusive. Majority op. at 574. This, however, is not the test. As the American Law Institute has recognized, the "bargain to endeavor to enforce a claim in consideration of a promise of a share of the proceeds" is champertous "whether litigation is or is not a contemplated means of enforcement."Restatement of Contracts sec. 542(1) and comment a. Rather, the crucial factor is whether the assignee of a share of the claim agrees to underwrite proof of or enforcement of that claim. See Miller, 183 Wis. at 170,196 N.W. at 872; Merlaud v. National Metro. Bank,84 F.2d 238, 240 (D.C. Cir. 1936), cert. denied, 299 U.S. 584. Thus, the contracts of assignment in Sparne v.Altshuler, 90 A.2d 919 (R.I. 1952), upon which the majority relies, did not — as do the contracts here — undertake to pay the expenses necessary to prove *Page 588 
the heir's claim, see 90 A.2d at 920; they were merely agreements for the sale of information, and, as such, were enforceable, see ibid.; see also Miller,183 Wis. at 170, 196 N.W. at 872. In contrast, the heir-finder inMerlaud undertook to "`pay any and all expenses incidental to the claiming and recovery of the said estate and [the heirs'] title thereto including solicitor's and attorney's fees and Court costs'" in exchange for a one-third share on the net amount recovered. Id., 84 F.2d at 240. Enforcement of this champertous contract was denied.Ibid. Enforcement of the equally champertous International Equity Research contracts should be denied as well.[2] I would reverse.
[1] I express no view as to whether this arrangement either violated or had the potential to violate the Rules of Professional Conduct for Attorneys, SCR chapter 20.
[2] I am puzzled by the majority's citation of the trial court decision in Design for Business Interiors, Inc. v. Herson's, Inc.,659 F. Supp. 1103 (D.D.C. 1986), for the proposition that there is no champerty without actual litigation. Majority op. at 575. That case concerned actual litigation commenced by an assignee of a claim, and thus did not address the situation here where, though litigation was contemplated as a means of enforcement, it was not necessary. In any event, it is clear that, in the words of the Restatement already quoted in the main body of this dissent, a "bargain to endeavor to enforce a claim in consideration of a promise of a share of the proceeds" is champertous "whetherlitigation is or is not a contemplated means of enforcement."Restatement of Contracts sec. 542(1) and comment a (emphasis added). *Page 589