HENRY FREELOVE and HANNAH J. FREELOVE *vs.* ALVAH M. COLE.

C. having obtained from F. and his wife, without consideration, a conveyance of a farm, upon a parol promise or agreement to take and hold the title until F.'s debts were arranged or paid, and then to convey the land to F.'s wife; *Held* that he could not resist the claim of F. and wife that the parol agreement be specifically executed, on the ground that the conveyance was made by F. to hinder, delay and defraud his creditors; or on the ground that the agreement was within the statute declaring all parol trusts relating to land void.

If parties engaged in the perpetration of a fraud or concurring in the fraudulent purpose, as *particeps criminis*, are *in pari delicto*, neither can have relief, as against the other, at law or in equity.

But as there are degrees of crime and of wrong, the courts can and do give relief in many cases, as against the more guilty party.

To exclude relief, in such cases, the parties must not only be *in delicto*, but *in pari delicto*.

Where the parties to a conveyance did not stand on an equal footing, the grantor being infirm of mind and incompetent to manage his business affairs with ordinary prudence and discretion, and the grantee was his son in law, confidential friend, and legal adviser, and was applied to for advice on this occasion; *Held* that the grantor was not prevented from applying to a court of equity to enforce the performance of a parol agreement by the grantee, to reconvey the premises, although the object and intention of the grantor, in making the conveyance, was to place his property beyond the reach of his creditors; and the conveyance was in fact fraudulent as against such creditors.

*Held also*, that the grantee, although not in fact a licensed attorney, but only practicing as counsel in justices' courts, was in principle clearly within the rule applicable to attorneys.

APPEAL from a judgment entered at a special term upon a trial before the court without a jury. The action was brought to compel the defendant to convey a certain farm to the plaintiff, Hannah J. Freelove. The justice found the following facts, viz : That on or about the 15th day of April, 1856, the premises were conveyed by the plaintiffs to the defendant, under and in pursuance of a verbal agreement between the parties that the defendant should take and hold the title to the premises until the debts of the plaintiff, Henry Freelove, could be arranged and paid in some other way, when the defendant should convey the premises to the plaintiff, Hannah J. Freelove, who is the wife of the said Henry ; that no consideration was ever in fact paid by the defendant to the plaintiffs, or either of them, in consideration of the said conveyance, all the money which was pretended to be counted out and paid, having been immediately thereafter handed back to the defendant, in pursuance of the original verbal agreement ; that at the time of the conveyance, the said Henry was indebted to various persons, and had not the means to make immediate payment in money, and had from some cause become incompetent to manage and conduct his business affairs with ordinary prudence and discretion, and that the object and intention of the plaintiffs in making said agreement and conveyance were to place the premises, for the time being, beyond the reach of the creditors of the said Henry, until the debts could be paid by other means, and without a sacrifice of said premises, and then to have them conveyed to the said Hannah, to be held by her for the use and support of the said Henry and family, and thus protect them not only from the claims of creditors, but from the improvident acts of the said Henry. That the conveyance was in no other respect fraudulent on the part of the plaintiffs. That said agreement was entered into and conveyance made by the plaintiffs at the suggestion and under the advice of the defendant; that it was a part of the arrangement that the plaintiffs should remain in the possession of

the premises, or in the enjoyment of the rents and profits thereof, which they have continued to do up to the present time. That after the said conveyance, the management and control of the business of the said Henry devolved principally upon the said Hannah, who succeeded in paying off and satisfying all the debts due and owing by the said Henry, at the time of the conveyance, with the exception of one debt, which was partly paid only, but was supposed and believed by the plaintiffs to have been fully paid and satisfied. That afterwards, and some time in the month of July, 1860, the plaintiff, Henry Freelove, requested the defendant to convey the premises to the said Hannah, according to the said agreement, and tendered a deed of conveyance duly made out in conformity thereto, to be executed by him, but the defendant wholly refused to execute and deliver such deed. That after such refusal, the defendant proposed and offered to the plaintiffs, that if they would give him the sum of twenty dollars, in satisfaction of a pretended claim in favor of the defendant's brother, against the plaintiffs, which the defendant had attempted and failed to collect of the plaintiffs by legal proceedings and which was wholly invalid as against the plaintiffs, and leave the said twenty dollars with his, the defendant's, wife, he, the defendant, would execute and deliver the said deed. That in order to obtain said conveyance, the plaintiffs acceded to the said proposition, and delivered the sum of twenty dollars to the defendant's wife, for the defendant, to be delivered to him whenever he should execute said deed, and gave the defendant notice of said payment to his wife. That afterwards the plaintiffs requested the defendant to execute the deed in pursuance of his last promise, and offered him the deed for that purpose, but he wholly refused to execute the same; that the said sum of twenty dollars still remains in the hands of the defendant's wife for his use. The justice found the following conclusion of law from the foregoing facts; viz: that the plaintiffs were entitled to a decree against the defendant requiring him to execute and

Freelove *v*. Cole.

deliver to the plaintiff, Hannah J. Freelove, a conveyance of the premises, without covenants of warranty except as against the acts of the said defendant, but with a covenant of warranty as against such acts; and it was ordered, adjudged and decreed that the defendant execute and deliver such conveyance, and judgment was ordered in the plaintiffs' favor against him for the costs. The justice at special term, placed his decision upon the ground that the second agreement was a valid agreement, founded upon a new and original consideration independent of the original contract, and was in no way connected with, or tainted by it, and had been fully performed by the plaintiffs. The defendant appealed from the judgment.

*H. Hakes,* for the respondents. I. The defendant is not in a situation to raise the question of fraud. 1. The suggestion to keep the whole of the property and pay nothing to creditors came from the defendant. 2. Whatever there is of fraud and bad faith between the parties in the whole transaction, is exhibited on the part of the defendant. 3. The plaintiffs evinced good faith to the creditors of said Henry Freelove, by answering the suggestion that plaintiffs " might as well save the whole and pay nothing ;" that they "wanted to pay· *all* debts and save the balance for their family." 4. Paying all the debts save one, and partly paying that, supposing it was all paid, does not show a disposition to cheat or defraud creditors. 5. Bad faith on the part of the plaintiffs toward the defendant cannot be claimed, because they adopted his suggestion and advice in executing a deed of the farm to him, and they paid the $20 as he required them to do — as a consideration for which he would convey the farm to the plaintiff, Hannah J. Freelove.

II. Courts will not allow one party to retain an unjust and undue advantage over another, which is obtained by superior influence and power, growing out of confidential relations. The rule that courts will not interfere to aid or relieve par-

ties who are equally guilty of a fraud, does not apply to this case.  1. The plaintiffs applied to the defendant for counsel, and deeded the farm to him as he advised them to do.  2. He was their son in law.  The plaintiff, Henry Freelove, could not write to do business and had to get a lawyer to do it, and supposed the defendant knew well enough how to do it. 3. The defendant was a lawyer or pretended to be, and assumed to know the law, and gave counsel to the plaintiffs, to which they yielded, in abandoning their idea of making an assignment, and conveyed the farm to him according to his counsel.  He availed himself of the peculiar advantages of his situation, as their chosen adviser, their favored friend and near relative, to perpetrate a cruel fraud upon his confiding and unsuspecting father in law and mother in law.  Courts will not sanction such a transaction, but under such circumstances will interpose to relieve the injured party.  (1 *Story's Eq. Juris.* §§ 307–310, 314.  *Willard's Eq. Juris.* 169–178. *Whelan* v. *Whelan,* 3 *Cowen,* 537.)  And the same doctrine is clearly recognized in *Ford* v. *Harrington,* (16 *N. Y. Rep.* 285.)

III.  Distinct from the original transaction, and some four years subsequent to it, there was a new agreement made, founded upon a new consideration, by which the defendant agreed to convey the farm to the plaintiff, Hannah J. Freelove, if the plaintiffs would give him $20, or leave that amount with his wife.  The $20 was left with his wife according to the agreement, and the defendant had notice of it.  A quitclaim deed, with covenants against the acts of the grantor, was afterwards presented to him to be executed, which he refused to sign.  The court has full power to decree a specific performance of a parol agreement to convey lands, where there is a part performance, notwithstanding the statute requiring such agreement to be in writing.  (3 *R. S.* 221, § 10, *5th ed.* 4 *Sand.* 524.  2 *Story's Eq. Jur.* 77, 78, §§ 760, 761, *5th ed.* 3 *Barb. Ch.* 407.  4 *Comst.* 403.  *Harris* v. *Knickerbacker,*

5 *Wend.* 638.) Justice to the plaintiffs requires this to be done, and in so doing no injustice is done to the defendant.

IV. It is not a harsh nor an unconscionable contract, and the defendant cannot avail himself of the inadequacy of consideration, for the title to the farm is held by him without any consideration, and he received it from the persons who are now asking to have it conveyed to the plaintiff, Hannah J. Freelove.

*D. Rumsey*, for the appellant. I. There is not evidence to warrant the finding of the court that the plaintiff Henry Freelove had become incompetent to manage and conduct his business.

II. The original agreement for the conveyance of the land to the defendant, as found by the court, being by parol only, is absolutely void both at law and in equity, as contravening the statute prohibiting the creation of trusts by parol. 1. The conveyance was made to the defendant with the assent of both Freelove and his wife, and the statute casts upon the defendant the entire fee. (2 *R. S. 4th ed.* 137, § 51.) (2.) No trust can be set up or sustained as against such title, unless the same is evidenced by some written instrument. It cannot be done by parol. (*Id.* 316, § 6.) The thing sought for by the plaintiffs is the very evil the statute intended to guard against. (3.) It is an effort on the part of the plaintiffs to contradict the deed executed by themselves, and show that it was not intended to convey to the defendant what it purports to do, that is, an absolute fee. The only case where this can be done, is to show the deed was intended as a mortgage.

III. The original agreement, as proved, was also void because it was made with the express intention of hindering, delaying and defrauding the creditors of Henry Freelove. The evidence clearly establishes this fact. The court also expressly finds that fact. Such an agreement will never be enforced by the courts. (*Nellis* v. *Clark*, 4 *Hill*, 424.) It does not aid the plaintiff's case that the court has found that

another object of the parties to the fraud was to protect the property from the improvident acts of the defendant Henry Freelove. The fraudulent act regarding creditors is fully proved and clearly found, and it cannot be pretended that it was not fraudulent; and where a contract grows out of or is connected with two considerations, one of which is unlawful, the whole is tainted with the illegality, and cannot be enforced. (*Barton* v. *Port Jackson Plank Road*, 17 *Barb.* 397. *Burt* v. *Place*, 6 *Cowen*, 431. *Pepper* v. *Haight*, 20 *Barb.* 429. *Rose* v. *Truax*, 21 *id.* 361.)

IV. The court was not warranted by the evidence in finding that the defendant made a subsequent agreement to execute and deliver to the plaintiff Hannah " the said deed," if she would pay the $20.

V. Conceding the subsequent agreement for the payment of the $20 to have been made, it does not entitle the plaintiff Hannah to a conveyance, because, 1. Standing alone, it is a contract which no court would decree the execution of, even if there was such a part performance as to warrant it. It is a harsh and unfair contract, the transfer of $2800 worth of property for $20. The courts never decree a specific performance of a harsh and unreasonable contract. 2. It was a parol agreement void by statute of frauds, and there was no such part performance of it as to warrant a decree for specific performance by the court. Mere payment of the consideration money is not sufficient. (*Story's Eq. Juris.* § 760, 1, *and note. Malins* v. *Brown*, 4 *Comst.* 403, *per Taylor, J, Rhodes* v. *Rhodes*, 3 *Sandf. Ch.* 279.) Possession, as an act of part performance, must be referable to the agreement, and be taken by virtue of it. (*Jervis* v. *Smith, Hoff. Ch.* 470. *Smith* v. *Underdunck*, 1 *Sand. Ch.* 579.) Here no such possession was taken. Plaintiffs say they always had possession. Defendant says they were tenants by sufferance. At any rate they did not take possession under or by virtue of this subsequent agreement. 3. It was an agreement simply and nakedly to carry out the former illegal contract; is

between the same parties, predicated upon that, looking to that for its consideration, and in every respect as much illegal as the original contract.   It is simply saying, give me a little larger share of the spoils and we will still carry out our original intention of cheating.   (*Armstrong* v. *Toler*, 11 *Wheat.* 258.   *Nellis* v. *Clark*, 4 *Hill*, 144.   *Gray* v. *Hook*, 4 *Coms.* 449.   *Barton* v. *Port Jackson Plank Road*, 17 *Barb.* 397.) The best illustration of this point is that the learned court, in deciding this case at special term, was compelled to resort to the original fraudulent contract to find an apology for making his decision.

*By the Court*, E. DARWIN SMITH, J.   The defendant, upon the evidence and facts found in the case, has obtained from the plaintiffs, without consideration, a conveyance of the plaintiffs' farm, containing about 115 acres, upon a parol promise or agreement to reconvey the same to the plaintiff, Hannah J. Freelove.   The defendant having acquired such title, refuses to perform the parol agreement, and resists the claim of the plaintiffs that it be specifically executed, on the ground that such conveyance was made by Freelove to hinder, delay and defraud his creditors, resting his defense upon the maxim "*inter partes in pari delicto, potior est conditio defendentis ;*" and also upon the statute declaring all parol trusts relating to land void.   It appears that the defendant is a son in law of the plaintiffs ; that he was a justice court lawyer ; that he was applied to by the plaintiffs for advice, to aid them in the disposition or conveyance of the property, and that the same was conveyed to him, at his instance and upon his advice.   The learned judge who tried the cause finds, also, as matter of fact, that the plaintiff, Henry Freelove, at the time of such conveyance, had from some cause become incompetent to manage and conduct his business with ordinary prudence and discretion.   The question presented to us is whether a farm, the title to which was acquired under such circumstances, can be retained by the defendant, and

the plaintiffs be perfectly remediless. I should regret exceedingly to find that the courts were incapable of giving redress in such a case. It would be, in my opinion, quite a reproach upon the administration of justice if such should be the case. The learned judge who tried the cause found that the object and intention of the plaintiff, Henry Freelove, in making the conveyance to the defendant, was to place the premises, for the time being, beyond the reach of his creditors until his debts could be paid by other means and without a sacrifice of said premises, and thereby to hinder and delay his creditors, and then to have the premises conveyed to the said Hannah, to be held by her for the support of the said Henry and the family, and thus protect them not only from the claims of creditors but from the improvident acts of the said Henry; and that the said conveyance was in no other respect fraudulent on the part of the plaintiff. Upon this finding the conveyance was undoubtedly fraudulent as against the creditors of Henry, but as no creditors have sought to impeach it that question is of no importance except as it is presented as a reason why the plaintiffs should have no relief, inasmuch as both they and the defendant were *particeps criminis* in the perpetration of a fraud, or concurred in the fraudulent purpose. If parties in such cases are in *pari delicto* the rule is well settled that neither can have relief, as against the other, at law or in equity. But as there are degrees of crime and of wrong, the courts can and do give relief, in many cases, as against the more guilty party. To exclude relief in such cases, the parties must not only be *in delicto*, but *in pari delicto*. The plaintiffs and defendant did not stand upon an equal footing. The plaintiff Henry was infirm of mind, and the judge finds he was incompetent to manage and conduct his business affairs with ordinary prudence and discretion. The defendant was his son-in-law, a confidential friend and his legal adviser. The plaintiff, Henry Freelove, swears that the defendant was a lawyer, or pretended to be, and tried lawsuits. He was applied to by the plaintiffs to

Freelove *v.* Cole.

befriend and advise them in their trouble, and they acted upon his advice. The judge so finds, as matter of fact. The case is clearly brought within the principle of the exception to the rule that parties shall not have relief as against each other when both are guilty of fraud or crime. They are not in *pari delicto.* I think the case is clearly within the principle of the case of *Ford* v. *Harrington,* (16 *N. Y. Rep.* 285.) In that case the plaintiff's father, one Conway, was indebted to one Allen in the sum of $60, which was due. Conway was in possession of 50 acres of land, under a contract, and was entitled to a conveyance on the payment of $36, the land being worth about $400. The defendant was an attorney at law, and was applied to by Conway to know if his creditor could reach this land. The defendant advised him that he could, and that he had better assign to him the contract, to prevent its being subjected to the claim of Allen, and that when he should have settled the debt with Allen he would let Conway have it back again. Conway took his advice and assigned the contract, and the defendant took the title and refused to convey it, as the defendant in this action does, and upon the same ground. The referee found that the contract was assigned for the purpose of defrauding Conway's creditor, Allen, but as the defendant was an attorney and counsellor the law would set aside the agreement made with his client by which the property was put into his hands to keep it out of the reach of his client's creditor, and the defendant should convey the land to the plaintiff. This judgment was affirmed at a general term of the 8th district and in the court of appeals. The case was put upon the ground that the defendant took advantage of the trust and confidence reposed in him to procure the assignment, and that the parties were not in *pari delicto,* and it was incompatible with the rules of equity to allow a man to retain an advantage thus unfairly and unconscientiously obtained. The defendant, it is true, in that case was an attorney and counsellor at law, but the case does not depend upon that fact, except as

it placed the defendant in the relation of trust and confidence to the plaintiff. It was because the defendant occupied such a position and relation to the plaintiff that he was enabled to induce him to convey to him the property. It was by reason of the imposition and wrong doing in consequence of the relation of trust and confidence, that the court gave relief and redress. The same principle was applied in the case of *Osborne* v. *Williams,* (18 *Ves.* 379,) where the relation was that of father and son. The same principle applies to all cases where trust and confidence is reposed; to transactions between trustees and *cestuis que trust,* between guardian and ward, and to other persons in fiduciary relations. In this class of cases if there be any intermixture of deceit, imposition, overreaching or unconscionable advantage or other mark of deceit or positive fraud, courts of equity will give relief to the weaker party. (*Story's Eq.* §§ 307, 308, 309.) "The general principle," says Story, § 308, "which governs in all cases of this sort, is that if a confidence is reposed and that confidence is abused, courts of equity will grant relief." The defendant, I think, in principle, is clearly within the rule applicable to attorneys. If he was not in fact a licensed attorney, he acted in that capacity to the plaintiffs; he was their legal and confidential adviser, and it would be most unjust to let him retain the fruits of his fraud upon the ground that they were likewise guilty. They were by no means equally guilty. Upon this ground I think the judgment below can be sustained, and I think it should therefore be affirmed, with costs.

[MONROE GENERAL TERM, December 7, 1863. *E. Darwin Smith, Johnson* and *Welles,* Justices.]