HENRY E. FISHER, Respondent, *v.* ENOCH H. BISHOP AND SLUMAN L. WATTLES, Appellants.

*Duress — when a bond and mortgage will be set aside on account thereof — application of the rule as between attorney and client.*

In April, 1874, Edward M. Fisher absconded from Sidney Centre, being then in default for money belonging to a railroad company, for which he was acting as station agent. The defendants, who were sureties upon his bond, were compelled, in the September following, to pay the amount in which he was in default to the company. Just before absconding Fisher transferred to his father, the plaintiff in this action, certain personal property to secure the payment of debts due from him to his father, and of liabilities incurred for him by the latter. This property was not sufficient in amount to pay the debts and liabilities due from him to, and incurred by, the father.

The defendant Wattles, a justice of the peace, who had for many years been the legal adviser of the father and son, drew the necessary papers. After the defendants found that they were liable to the company they induced the father and his wife to execute a bond and mortgage to them for the amount the son was in default, under threats that, if they did not, the conveyance from the son would be set aside as fraudulent; the bond and mortgage were executed under duress of mind through fear. In February, 1881, this action was commenced to have the bond and mortgage canceled, on the ground that they had been obtained by fraud and duress.

*Held,* that a judgment canceling the said bond and mortgage was proper and should be affirmed.

Appeal from a judgment, entered upon the trial of this action, at a Special Term held in Delaware county.

The action was brought in February, 1881, to set aside a bond and mortgage given July 27, 1874, by the plaintiff and his wife to the defendants, upon the ground that the same were obtained by fraud and duress. Upon the first trial they were set aside for want

of consideration. But the General Term reversed the judgment entered upon the decision at the first trial, on the ground that the issue as to a want of consideration was not properly before the trial court, the opinion at General Term leading to such reversal being delivered by Justice BOARDMAN.

Upon the second trial the trial judge, after finding duress in fact, stated, as a conclusion of law, that the bond and mortgage were executed " under the threats of Wattles ; that unless they were executed the defendant would set aside the conveyances from Edward M. Fisher to the plaintiff as fraudulent, and said bond and mortgage were executed under duress of mind through fear, and are illegal and void."

Two or three days before the execution of the bond and mortgage, Edward M. Fisher, the son of the plaintiff, finding himself largely indebted, executed a deed and transfer of personal property to his father to secure the debts due to, and liabilities incurred by his father for him. He was then a defaulter as station agent to the New York and O. M. Railroad Company. He absconded from Sidney Centre, New York, leaving the defendants liable on his bond as his sureties to the railroad company for $500, which amount they were obliged to and did pay in September to the railroad company.

The conveyances and transfers from Edward to the plaintiff were drawn by the defendant Wattles, who had for many years been a justice of the peace and acted as legal adviser for the son and father.

The plaintiff did not receive enough property from his son to enable him to pay the debts due him from the son and to satisfy the liabilities incurred for him.

It appeared from the evidence and findings that Wattles and Bishop, as soon as they ascertained they were liable to pay, and must pay for the default of Edward to the railroad company, began their efforts to induce the plaintiff to indemnify them against any loss, and they finally on Monday, the 27th of July, 1874, secured from the plaintiff the bond and mortgage in suit.

*W. H. Johnson*, for the appellants.

*W. & G. W. Youmans*, for the respondent.

HARDIN, P. J. :

Wattles had assumed to act as a legal adviser of the plaintiff; he had received from him the same confidence which exists ordinarily between client and counsel, and he therefore should·be held to the same accountability for his acts, threats and conduct in respect to the transaction out of which the mortgage and bond arose, that would be required of an attorney. This rule has the sanction of several adjudicated cases. (*Freelove* v. *Cole,* 41 Barb., 318 ; affirmed, 41 N. Y., 619.)

A confidential relation existing between parties requires the greatest care, and transactions between parties where such a relation exists must be scrutinized closely, and condemned unless shown to be fair and above board, and unless the client or injured party had equal knowledge and opportunity to protect himself. (*Post* v. *Mason*, and cases cited in the opinion of HARDIN, J., 26 Hun, 191 ; S. C., affirmed by Ct. of App., 91 N. Y., 539 ; see, also, *Mason* v. *Ring,* 3 Abb. Ct. App. Dec., 210 ; *Howell* v. *Ransom*, 11 Paige, 538 ; *Evans* v. *Ellis,* 5 Denio, 640 ; *Wright* v. *Proud,* 13 Vesey, 138.) In considering the evidence before the trial court, it must be borne in mind that a mere threat of legal proceedings is not enough to make out a case of duress. (*Insurance Co.* v. *Meeker,* 85 N. Y., 615.) Nor that a party intends to insist upon his legal rights. (*McPherson* v. *Cox,* 86 N. Y., 473 ; *Haynes* v. *Rudd,* 30 Hun, 239.) The case last cited, however, adds what we deem pertinent and potential in this case. Judge SMITH, who spoke for this court, in that case said : " But we think that when threats of a lawful prosecution are purposely resorted to for the purpose of overcoming the will of the party threatened, by intimidating or terrifying him, they amount to such duress or pressure as will avoid a contract *thereby obtained. Eadie* v. *Slimmon* (26 N. Y., 9), as we understand the report of the case, is in point. (See, also, *Williams* v. *Braley,* 35 L. J. Ch., 717 ; " see also, opinion of FOLGER, J., in the same case, *Haynes* v. *Rudd,* 83 N. Y., 253.)

Though the threats were made during the days prior to the execution of the papers they may be considered, and also the fact that the action to set aside the papers was not brought until some six years after the execution, may be considered by a jury or court in determining whether there was ·actual duress or not. Neither circumstance standing alone, or both standing revealed as they do by

the evidence, is sufficient to warrant us in saying as a matter of law that no duress was made out at the trial. We have looked into the evidence, and considering all of it together, we are of the opinion that Wattles and Bishop took undue advantage of the plaintiff, and by means thereof and the duress found, secured to themselves the bond and mortgage. Plaintiff was not liable for the defalcation of his son, and by the means not warranted, which we have just stated, was induced to execute the papers. We think the trial judge properly ordered them stricken down. The defendants technically are entitled to a return of the one dollar which they advanced, and we may modify the judgment to that extent.

But the judgment otherwise should be affirmed, with costs.

BOARDMAN, J., concurred; FOLLETT, J., not sitting.

Judgment modified so as to provide for the return of one dollar to the appellants, and as modified affirmed, with costs.