MOSES B. WATKINS and Another, Appellants, *v.* W. FRANK JONES, Respondent.

*Equitable relief between parties in pari delictu — a grantor in a fraudulent convey-ance, when in delictu but not in pari delictu with the grantee — when relief will be granted.*

The rule that equity will not interpose in favor of either of two parties who are *in pari delictu* in a scheme to defraud another, but will leave them in the position, relative to each other, in which they have placed themselves by their own acts, is in the interest of good morals and public policy, and will, ordinarily, be enforced even though one of the parties to the fraudulent scheme is thereby enabled to profit by his own bad faith toward the other.

*Semble,* that when a grantee occupies a position of trust and confidence in his relation to a grantor, and avails himself of it to persuade the latter to make a fraudulent conveyance, the grantor, though *in delictu,* is not *in pari delictu,* with the grantee.

*Semble,* that it is not only when a party obtaining the benefit of a fraudulent trans-fer stands in the relation of guardian, trustee or attorney at law of the other party to the transaction that relief will be granted as between the parties.

APPEAL by the plaintiffs, Moses B. Watkins and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 17th day of February, 1894, upon the dismissal of the complaint directed by the court at the Monroe Circuit before the introduction of evidence.

*H. L. Bennett,* for the appellants.

*J. A. Barhite,* for the respondent.

DWIGHT, P. J.:

The action was to set aside a bond and mortgage for $5,000 and upwards, executed by the plaintiffs to the defendant, on the ground of want of consideration, and of fraud, artifice and undue influence on the part of the mortgagee.

At the trial the complaint was dismissed on the facts alleged therein as not being sufficient to constitute a cause of action; and the very proper practice was adopted by the trial judge of finding as facts all those alleged in the complaint, and as a conclusion of law that the defendant was entitled to judgment thereupon.

The following is a brief narrative of the facts thus adjudged to be the facts in this case :

The plaintiffs, at the time of the execution of the bond and mort-gage, were aged people living on a farm of sixty-five acres in the town of Webster in Monroe county, which was owned by the plaintiff Moses subject to a mortgage of $2,500, and in which the plaintiff Catherine had an inchoate right of dower. The income from the farm was barely sufficient to pay the interest on the mortgage and to furnish a support to the plaintiffs, and they had little or no other property. In November, 1892, a woman of bad character, for the purpose of extorting money from the plaintiff Moses, commenced an action against him in this court, in which she falsely charged him with a criminal assault upon her with intent to violate her person, and claimed damages in the sum of $10,000. The plaintiff Moses appeared and answered in the action, denying all the allegations of the complaint, and on the trial of the issues joined, a verdict was rendered in his favor and he had judgment thereon dismissing the complaint on the merits.

Pending that action, the defendant herein, who was the husband of the plaintiff's only child, and was living in the same house with them, and upon whom they relied as their business adviser and friend, designing and contriving to cheat them out of their farm, falsely and fraudulently represented to them that the woman above mentioned would probably succeed in her action, and would get the farm unless it was covered by a mortgage or otherwise placed beyond the reach of the judgment to be recovered by her; and he urged them to execute a bond and mortgage to him, promising that when the woman's action was got rid of and her claim defeated or released, he would either surrender up and discharge the bond and mortgage, or assign them to the plaintiff Catherine, as they should direct. The plaintiffs being old and feeble and unaccustomed to litigation, and being greatly alarmed by the defendant's representations, and having entire confidence in his judgment and integrity, and in the sincerity of his motives towards them, and relying upon his promise in respect to the final disposition of the bond and mortgage to be given to him, did, on the 13th day of February, 1893, execute, acknowledge and deliver to the defendant a bond, with a mortgage on the farm above mentioned as collateral thereto, conditioned for the payment of the sum of $5,277.15, as follows: $200

in six months and the balance in five years, with semi-annual interest, with the further condition that should default be made in the payment of interest, taxes or insurance, as therein provided, the whole sum should thereupon become due, at the election of the defendant; and the defendant received the bond and mortgage and caused the latter to be recorded in the clerk's office of Monroe county.

The bond and mortgage were wholly without consideration and were given and accepted on the express understanding that they were not to be enforced, but were to be surrendered or assigned as before stated.

After the termination of the action against the plaintiff Moses, as above stated, the defendant refused, on the request of the plaintiffs, to surrender up and discharge the said bond and mortgage, but declared his purpose to enforce those securities against the plaintiffs and their farm.

We are of the opinion that, upon these facts, the plaintiffs were entitled to the relief sought by them in this action, and that it was error to dismiss their complaint.

The rule that equity will not interpose in favor of either of two parties who are *in pari delictu* in a scheme to defraud another, but will leave them in the position, relative to each other, in which they have placed themselves by their own acts, is in the interest of good morals and public policy, and will, ordinarily, be enforced, even though one of the parties to the fraudulent scheme is thereby enabled to profit by his own bad faith towards the other. But this is plainly not such a case. On the facts here found the plaintiffs were not parties to a scheme to defraud anybody. The woman who prosecuted the action against Moses B. Watkins was not his creditor, and had no claim against him or his property. She was an adventuress, engaged in a wicked attempt to charge him, by perjury, with liability in damages for an offense of which he was innocent, and thus, by an abuse of the processes of the law, to rob him of the property upon which he depended for the support of himself and his wife in their old age. And it is to be observed that this statement of facts does not depend for its verity upon the result of the action referred to, which had not been reached when the bond and mortgage were executed, but that such are the actual facts

found by the court in this case, irrespective of the verdict and the judgment in the other action. It is demonstrated, therefore, for the purposes of this appeal, that no fraud was perpetrated or intended by the plaintiffs here upon the plaintiff in that action, and, if not upon her, then not upon any one, and the case is thereby taken out of the operation of the rule which denies relief to a plaintiff who is found to have been in complicity with the defendant in an attempt to perpetrate a fraud upon third parties.

In this view of the case, which seems to us unavoidable under the findings, we are relieved from a discussion of the question whether the plaintiffs were *in pari delictu* with the defendant. That was the question the negative answer to which determined the issue in favor of the plaintiffs in the cases of *Freelove* v. *Cole* (41 Barb. 318; affd., 41 N. Y. 619) and *Ford* v. *Harrington* (16 id. 285). In those cases the question was pertinent, because in each of them it was found that the conveyance set aside was given and received with intent to hinder, delay or defraud the creditors of the grantor, but that the grantee occupied such a position of trust and confidence in his relation with the grantor, and so availed himself of it, to persuade the latter to make the conveyance, that, though *in delictu*, the grantor was not *in pari delictu*, with the grantee.

But if the question of *pari delictu* were in the case before us we think the result would be the same as in the cases cited. In this case the defendant, though not an attorney at law, was the trusted adviser of the plaintiffs in their matters of business; he was their near relative and lived under the same roof; he assumed to possess a knowledge superior to theirs of the danger of their situation, and was able to operate upon their fears because they relied upon his superior judgment. He made the suggestion of a mortgage and persuaded them to give it with entire confidence that he would keep his faith with them. If this had been a scheme to defraud creditors it would be impossible to hold the plaintiffs *in pari delictu* with the defendant.

The case of *Renfrew* v. *McDonald* (11 Hun, 254), which is specially relied upon by counsel for the defendant, is radically distinguished from this in the respect first considered. In the language of the opinion the case there presented was "a bald case of a conveyance of the property in question with an express intent to hin-

der, delay and defraud the creditors of the plaintiff." And, in the light of later authorities, we are not disposed to concur in the apparent doctrine of that case, to the effect that relief will be granted as between the parties only when the party obtaining the benefit of the fraudulent transfer stands in the relation of guardian, trustee or attorney at law of the other party to the transaction. (See *Freelove* v. *Cole, supra ; Fisher* v. *Bishop*, 108 N. Y. 25 ; Kerr on Fraud & Mistake, 377.)

The gross and palpable character of the wrong devised by the defendant against the plaintiffs is unquestioned for the purposes of this review, and there is nothing, we believe, in the case which deprives the court of the power to rebuke and correct that wrong.

The judgment should be reversed and a new trial granted, with costs to abide the final award of costs.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment appealed from reversed and new trial granted, costs to abide the final award of costs.