MICHAEL O'BRIEN, Respondent, v. ROBERT O'BRIEN and ANN O'BRIEN, His Wife, Appellants.

Second Department, June 18, 1919.

Deed — voluntary deed made to hold off creditor threatening suit — cancellation thereof at suit of grantor — failure to deliver as ground for cancellation — acknowledgment and registration as proof of delivery.

Where a father made a voluntary conveyance to his son as a precaution to hold off a creditor who had threatened him with a lawsuit and there are no charges of fraud or procurement on the part of the son, equity will not help out the fraudulent grantor by canceling the deed, which more than seven years before had been made and recorded at his request.

Failure to deliver such a deed does not create any ground for cancellation.

An acknowledgment and registration of a conveyance is *prima facie* proof of delivery, or affords grounds to presume an intended delivery.

RICH, J., dissented.

Appeal by the defendants, Robert O'Brien and Ann O'Brien, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 29th day of June, 1917, upon the decision of the court after a trial at the Westchester Special Term.

The judgment decreed that a certain conveyance of a house and lot at No. 71 Jefferson street in the city of Yonkers be set aside and canceled of record, and enjoined the defendants from interfering with the plaintiff's possession of said property.

*Thomas J. O'Neill [Leonard F. Fish* with him on the brief], for the appellants.

*J. D. O'Connor,* for the respondent.

Putnam, J.:

The complaint alleges that " on or about * * * August 1, 1910, the plaintiff was sick, and instead of making a last will and testament, signed, and on October 7, 1910, he acknowledged a deed, conveying above premises for a consideration of five thousand dollars ($5,000) the value of said premises to his son Robert O'Brien, the above-named defendant. That said deed was recorded in Westchester County Register's office in Liber 1929 of Deeds, page 203, on October 8, 1910." This allegation, that plaintiff being then sick conveyed this house to his son in lieu of a will, is contradicted by his testimony that he was not sick but in good health, and did not make the conveyance as a will. Instead, he executed the deed as a precaution to hold off a creditor named Deitzel, who had threatened plaintiff with a lawsuit. Mr. Broderick, a notary who drew the deed, confirmed this. There are no charges of fraud or of procurement on the part of the son. Did this establish a case in equity, to cancel this deed, which seven years before had been made and recorded by plaintiff's request? The complainant showed grounds to exclude any relief, because: *First.* His testimony (which evidently he feared to set forth truly in the bill) showed that this deed was intended to defeat the right of a threatening creditor, inasmuch as the conveyance, with public registration, was meant to shield this estate from execution. In that case, equity will not help out such a fraudulent grantor. (*Nellis* v. *Clark,* 20 Wend. 24; 4 Hill,

424; Story Eq. Jur. [14th ed.] § 499.) *Second.* Failure to deliver such deed (even if proved) did not create any ground for cancellation. *Third.* In New York an acknowledgment and registration of conveyance is *prima facie* proof of delivery, or affords grounds to presume an intended delivery. (*Munoz v. Wilson*, 111 N. Y. 295.) Here the son had the deed after it came from record at White Plains. He testified that his father handed it to him. Later, the son returned it to his father for safekeeping. Though plaintiff was called in rebuttal, he did not deny this, except in the general expression that he had not " given " this deed to his son. Hence the court's finding against such delivery was unauthorized. (*Wallace v. Berdell*, 97 N. Y. 13.)

The judgment should, therefore, be reversed, defendants' requests found, and the complaint dismissed, with costs.

JENKS, P. J., BLACKMAR and JAYCOX, JJ., concurred; RICH, J., voted to affirm.

Judgment reversed, defendants' requests found, and complaint dismissed, with costs. Order to be settled on notice.