CHARLES C. WEINHART, Plaintiff, *v.* CHARLES J. WEINHART et al.,
Defendants.

Supreme Court, Special Term, Steuben County, December 4, 1948.

*Harry Treinin* for defendants.

*John W. Hollis* for plaintiff.

WHEELER, J.   The action is brought to cancel and set aside
conveyances of certain parcels of real estate from the plaintiff

to defendants, to direct the defendants to account for all earnings or income therefrom or moneys received from the sale thereof, and to restrain the defendants from disposing of any of the subject properties or using any of the moneys heretofore received from those properties. The defendants move to dismiss the complaint upon the ground that the complaint fails to state facts sufficient to constitute a cause of action.

The complaint alleges, in substance, that the plaintiff's wife, at the time the subject conveyances were executed, was in Willard State Hospital; that the conveyances were made without consideration, and that the deeds were executed by the plaintiff as a result of false representations made to the plaintiff by the defendants. The alleged representations of the defendants upon which the plaintiff asserts he relied were to the effect that " the State of New York was liable to render bills against him which would take all the property he had " and that " if deeds were made of the plaintiff's property to the defendants, that it would protect him from any excessive claim made by the State of New York for the support and maintenance of his wife ". It is further alleged that plaintiff acknowledged ten deeds covering all of his property and placed these deeds in his safe at his home and " that it was understood that none of such deeds were to be recorded or removed from the safe unless the State of New York should make a claim against the plaintiff." Since that time, it is alleged, the deeds have been removed by the defendants from the safe and recorded.

This motion of the defendants is based upon the fundamental doctrine of equity that the plaintiff must come into court with clean hands, and defendants point to this plaintiff's complaint as evidence of his unlawful intent in executing the conveyances he now seeks to have rescinded. Without question, the courts of equity will not aid the " man who founds his cause of action upon an immoral or an illegal act." (Lord MANSFIELD in *Holman* v. *Johnson*, 1 Cowp. 341, 343.) But, by the same token, there must be either some definite proof or an admission that the complainant acted immorally or illegally.

The complaint in the case at bar comes perilously close to an admission on the part of the plaintiff that his acts in executing the conveyances to his sons were motivated by an intent which, if not unlawful, is at best not above reproach. However, construing the complaint broadly, the plaintiff has, in essence, alleged that the defendants represented to him that the State of New York might make " excessive " claims against him and that he believed these representations. Whether the plaintiff

intends the word " excessive " (obviously an ambiguous term in this pleading) to convey the meaning of " illegal " or to convey only the measure of the extent or magnitude of the potential claim, should be left to plaintiff's proof. In either event it may well be that the plaintiff will be able to show upon trial that the relationship between himself and the defendants was such that his reliance upon the representations of the defendants was more reasonable than appears at first blush. Only by a harsh and overstrict reading of the complaint can this court say that the plaintiff has alleged that his acts were an attempt to delay, hinder or defraud a creditor. The plaintiff here has alleged that his execution of the deeds in question was merely for the purpose of protecting himself from a claim he believed to be unwarranted.

There is also the further question of the delivery of the conveyances. It is certainly not enough that the plaintiff may have at one time entertained an intent to make a fraudulent conveyance; there must be some indication that he actually completed the transfer before he thought better of his intentions. " The general rule that the grantor in a deed of real property made in fraud of creditors * * * cannot be heard to question the validity of such deed has no application where the deed was not in fact delivered." (37 C. J. S., Fraudulent Conveyances, § 259, p. 1093.)

The defendants vigorously contend that no delivery is necessary in such a case, citing *O'Brien* v. *O'Brien* (188 App. Div. 309) and *Flegenheimer* v. *Brogan* (284 N. Y. 268). It should suffice to say that in both of these cases the fact that the illegality of the act of the grantor in disposing of his property was admitted or proved distinguishes these cases from the pleading before us. Further, in the *O'Brien* case (*supra*) the recording of the deed by the grantor was held to be a presumptive delivery which made unnecessary any proof as to actual delivery.

It is of little consequence that the burden of proving his allegations will lie heavy on plaintiff's shoulders, but it is of paramount importance that he be permitted to assume that burden unless by his allegations he has clearly placed himself beyond the aid of a court of equity. Eschewing the stern and severe interpretation, this court, after a fair reading of the complaint, cannot conscientiously say that the plaintiff has not established his right to be heard. His right to relief must await the proof.

Motion denied, with $10 costs to abide the event.

Order may enter accordingly.