IRVING GROSS, Individually and as a Minority Stockholder, in Behalf of EAST COAST LUMBER TERMINAL, INC., Appellant, v. VIRGIL M. PRICE, Individually and as President, Director and Stockholder of East Coast Lumber Terminal, Inc., et al., Defendants, and EAST COAST LUMBER TERMINAL, INC., et al., Respondents.— In a representative action by a minority stockholder, the plaintiff filed a notice of pendency of action against each of three parcels of real estate, owned respectively by the subject corporation, another corporate defendant, and the defendant Alice Walter. The appeal is by the plaintiff from an order granting the motion of said corporations to vacate and cancel of record the said notices of pendency of action. Order affirmed, with $10 costs and disbursements. This is not such an action as is contemplated in section 120 of the Civil Practice Act. Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.

WILLIAM HAUG, Respondent, v. ROSE HAUG, Appellant.— Plaintiff, in a first cause of action, seeks to compel defendant to specifically perform an oral agreement to reconvey the interest in a parcel of real property, which he conveyed to defendant in 1952; and in a second cause of action, to compel defendant to account for personal property claimed to have been given to her under the same oral agreement. The court found for the defendant on the second cause of action and for the plaintiff on the first cause of action. The court directed judgment ordering defendant to reconvey the real property. Defendant appeals from so much of the judgment which grants plaintiff relief as to the first cause of action directing her to reconvey the real property. Judgment, insofar as appealed from, reversed on the law, without costs, and judgment directed for defendant on the first cause of action, without costs. The findings of fact are affirmed. Title to the real property was in the names of both plaintiff and defendant as husband and wife. On May 7, 1952, plaintiff conveyed his interest therein to his wife, pursuant to an oral promise on the part of the wife to reconvey the same upon demand. While the evidence amply supports the trial court's finding that such oral agreement existed, there was error in granting equitable relief to plaintiff. It was disclosed that on the very day of the conveyance of the real property a lien in a substantial amount for income tax arrears was docketed against the plaintiff in favor of the United States Government. Within weeks prior and subsequent to the date of the conveyance, numerous judgments in large sums were docketed against plaintiff by his creditors. Under the circumstances here present, we must, as matter of law, draw an inescapable inference that the conveyance made on May 7, 1952, was intended by plaintiff for the purpose of hindering, delaying and defrauding his creditors. Accordingly, equity will not afford relief, as plaintiff comes into court with unclean hands. (*Pattison* v. *Pattison,* 301 N. Y. 65.) Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.