Morris E. Spector, J.
Plaintiff owned a parcel of real estate in this county. There was a judgment outstanding against her in favor of the City of New York for funds received from the Welfare Department. The city began pressing the plaintiff, and for the purpose of making herself judgment-proof, she conveyed said property to the defendant, Samuels, her niece, without consideration. There was an oral understanding that the defendant would reconvey said property to the plaintiff upon request. The plaintiff continued to live in one of the apartments and from the rents collected by her she paid the necessary bills. All insurance was issued in the name of the plaintiff as owner. Taxes were paid by the plaintiff and all repairs were contracted and paid for by the plaintiff.
The defendant claims that she paid $2,000 consideration for the deed and that there was no such promise to reconvey. The defendant claims she paid this consideration from cash funds cached in her home, that she had accumulated over a period of 10 to 15 years. She claimed she kept this money at home, even though she did have a savings account with a local bank, because she was having trouble with her husband and did not want him to know about the money. She admits leaving the entire management of the house and collection of rents and payment of bills to her aunt, the plaintiff herein. Throughout this period of over 10 years she never sought or received an accounting.
The court places no credence in defendant’s story and finds that this property was conveyed to defendant for purposes of eluding creditors, and that there was an oral agreement to reconvey upon request.
Recently, the property was condemned by the City of New York and an award was made; also the City of New York has a second judgment against the plaintiff in a substantial sum which it seeks to impress upon the said award. The first judgment was paid by the plaintiff out of the proceeds of the rents coHected.
The plaintiff seeks to impress a constructive trust upon said award.
The Statute of Frauds would not obstruct the recognition of a constructive trust affecting an interest in real property *757 where a confidential relationship would be abused if there were repudiation, without redress, of a .trust orally declared. A court of equity would not permit unjust enrichment under cover of a relationship of confidence (Williams v. Williams, 4 A D 2d 793). However, where the conveyance was made to delay and hinder the collection of a judgment, the Court of Appeals has held: ‘‘ The intended trust * * * ‘is invalid if the purpose of the settlor in creating the trust is to defraud his creditors or other persons.’ In such a case, the fraudulent grantor may not recover the property, even though the grantee knew of the purpose of the intended trust.” (Pattison v. Pattison, 301 N. Y. 65, 72, affg. 276 App. Div. 823.)
The evidence produced at the trial of the case clearly established that the plaintiff transferred the property to the defendant Samuels for the purpose of defrauding the City of New York, which at the time of the transfer had a substantial judgment against her. The fact that the judgment has been satisfied does not alter the situation. The trust is unenforcible, since it was created for an illegal purpose (1 Scott, Trusts, § 63, p. 398). Equity is not inclined to afford relief, as the plaintiff does not come into court with clean hands. If aid is granted such person, it would be affording comfort and encouragement to a wrongdoer (1A Bogert, Trusts and Trustees, § 211, p. 320).- The transfer to defeat creditors is fraudulent. Equity therefore will not aid the plaintiff but will leave the parties where it finds them (Pattison v. Pattison, supra). The City of New York, which was the party damaged, has settled a claim against the defendant, Samuels, by assignment of a portion of the condemnation award dated April 4, 1958. However, as the decision of the court is that the plaintiff does not have an interest in the property or the award, the city’s defense and counterclaim against the plaintiff must be dismissed.
Judgment is granted to the defendant Samuels dismissing the complaint on the merits. Exhibits may be obtained from the clerk of the court.
Settle judgment.