Mario Pittoni, J.
The defendants move for an order dismissing the complaint and directing the entry of summary judgment in their favor.
This is an action by the husband against his wife and her sister to impress a constructive trust on real property claimed to have been purchased with his money and taken in his wife’s name in reliance upon her agreement to hold the property in trust for him. This property was thereafter allegedly transferred by his wife to her sister, the codefendant herein, for no consideration.
The defendants in their affidavit deny any agreement to hold the property in trust, deny that the husband made any down payment or that he paid any mortgage interest or taxes; and state that the down payment for the property was made by the defendants’ father. The defendants’ statements would be sufficient if the plaintiff’s answering affidavits presented no genuine issue of fact; however, the husband’s affidavit shows at least two issues, that is, (1] wnether it was his $h00 that was used for the down payment on the original house, and (2) whether he allowed title to be taken in his wife’s name in reliance upon her promise to hold the property in trust for him.
The defendants’ first point is that the husband did not allege any promise to convey; however, the husband’s affidavit, though somewhat inartistically drawn, seems sufficient on this point. He states that he told his wife that the property was his and that she so understood, and that he acted to protect her and the children. This, when taken with earlier statements, indicates that he was allaying her fears of creditors and of the courts, and also indicates that the money was his. Thus, it implied or indicated a promise on her part. In the language of Sinclair v. Purdy (235 N. Y. 245, 254) “ Even if * * * there was no *762 distinct promise to hold it for his benefit, the exaction of such a promise, in view of the relation, might well have seemed to be superfluous. * * * Though a promise in words was lacking, the whole transaction, it might be found, was ‘ instinct with an obligation ’ imperfectly expressed ”.
Furthermore, if the statements in the husband’s affidavit are true, they indicate a recognition by the defendant wife of the fact that the husband was beneficial owner of the house and that she was therefore obligated to use the proceeds for his benefit.
The next point made by the defendants is that the defendants were not unjustly enriched; however, the husband definitely stated that the $500 down payment was made with his money and not by the defendants’ father. This, of course, raises an issue requiring trial. Regardless of the outcome on other apparent issues as to who paid the mortgage interest, taxes and costs of renovation, if the husband paid $500 of the purchase price in reliance on his wife’s promise to hold title in trust for him, he would be entitled to some relief. (Foreman v. Foreman, 251 N. Y. 237, 242.)
The claim that the husband should be denied relief on the basis of the unclean hands doctrine is also untenable. The defendants state, ‘ ‘ Plaintiff contends that he acquiesced to his wife taking title to the Brooklyn property because of her concern over his theoretical creditors if he went into business ’ ’ but the husband gives as a reason his wife’s fear of “ trouble in court ” if he died. At most, the husband admits that he acted to allay the fears of his wife and not to defraud creditors.
The defendants cite Jenkins v. Samuels (17 Misc 2d 755) (see, also, Pattison v. Pattison, 301 N. Y. 65). However, in that case, as in the Pattison ease, the plaintff had unclean hands because the transfer was made to defraud existing creditors. That is not the .situation here; at best the transfer was to avoid possible future creditors in a case where there is no evidence that the husband even contemplated going into business. There is no fraud shown here. In Klein v. Klein (112 N. Y. S. 2d 546, 548) the court said: “ there has been found no authority that an action such as this must fail for the reason that the grantor, who was without creditors, feared for future dangers, real or imaginative ”.
The motion for summary judgment is denied.
Order signed.