Bernard S. Meyer, J.
In this action between husband and wife to impress a trust upon two parcels of real estate held in the name of the wife, plaintiff husband is awarded judgment after trial, and defendant wife is directed to reconvey the Valley Stream property to herself and her husband as tenants by the entirety and to reconvey the Mastic property to plaintiff alone.
The complaint alleges that on or about May 15, 1959, plaintiff, while engaged as a general contractor, was sued in a negligence action, that the limit of plaintiff’s liability insurance was $5,000 and the suit against plaintiff was for a sum in excess of $50,000, that at the suggestion of his attorney, plaintiff conveyed the two properties to defendant, that the deeds were given with the express understanding that a reconveyance would be made by defendant when requested by plaintiff, that the negligence action was settled in 1963, that plaintiff has requested reconveyance but defendant has refused to reconvey. A motion to dismiss the complaint, or in the alternative for summary judgment, based on the claim that the complaint showed the conveyance to have been in fraud of creditors was denied by order dated July 1, 1966.
The general rule is that when a conveyance is made with intent to defraud creditors the court will refuse, because of the transferor’s “unclean hands”, to order specific performance of the transferee’s agreement to reconvey “not as a protection to a defendant, but as a disability to the plaintiff ” (Reiner v. North Amer. Newspaper Alliance, 259 N. Y. 250, 256), as a matter of public policy and in order to protect the integrity of the court (Pattison v. Pattison, 301 N Y. 65; Pierce v. Pierce, 253 App. Div. 445, affd. 280 N. Y. 562; Levy v. Braverman, 24 A D 2d 430; Haug v. Haug, 283 App. Div. 1107; Kalman v. Kalman, 275 App. Div. 715; Sorrentino v. Sorrentino, 75 N. Y. S. 2d 813, affd. 272 App. Div. 1067; Bascombe v. Sargent, 195 Misc. 328, affd. on other grounds 277 App. Div. 983; Jenkins v. Samuels, 17 Misc 2d 755; McGlinchey v. McGlinchey, 179 Misc. 160; see Seagirt Realty Corp. v. Chazanof, 13 N Y 2d 282; Restatement, Trusts 2d, §§ 63, 422, 444; Restatement, Restitution, § 140; Restatement, Contracts, §§ 598-609; 20 N. Y. Jur., Equity, § 113, p. 133; 24 N. Y. Jur., Fraudulent Conveyances, § 92, p. 511; 30 C. J. S., Equity, § 95, subd. b, p. 1027). Recognizing the effect of the 11 unclean hands ’ ’ doctrine on his case, plaintiff seeks to avoid its impact on three separate grounds: (1) limitation of the doctrine in recent Court of Appeals cases, (2) the existence of a confidential relationship between himself and his wife, (3) the nature of the claim against him.
*266 Plaintiff’s first ground of avoidance is predicated upon Seagirt Realty Corp. v. Chazanof (13 N Y 2d 282) on the one hand, and National Distillers Corp. v. Seyopp Corp. (17 N Y 2d 12, 15); Weiss v. Mayflower Doughnut Corp. (1 N Y 2d 310, 316); Creen v. Le Beau (281 App. Div, 836) and Junkersfeld v. Bank of Manhattan Co. (250 App. Div. 646, 649) on the other. The Seagirt case can readily be distinguished for while the Court of Appeals refused in that case to apply the clean hands doctrine where reconveyance had in fact been made, it carefully differentiated the case in which plaintiff seeks ‘1 to enforce an executory obligation arising out of an illegal transaction ” (p. 287). The other cases present more difficulty for all require that the party seeking to invoke the doctrine have been injured by the misconduct, or that it be conduct of which such party can in good conscience complain (see, also, 20 N. Y. Jur., Equity, § 118, p. 141). Clearly defendant was not injured by the transfer made to her and should not in good conscience be permitted to complain if she is made to put title back as it was prior to conveyance to her, as the court finds she agreed she would. However, none of the cases enunciating the rule under discussion concerned a conveyance in fraud of creditors, and in none of the fraudulent conveyance cases has injury to the transferee been deemed a prerequisite to denial of judgment of reconveyance. The court concludes, therefore, that, notwithstanding the apparent conflict between the two lines of cases, it should not award judgment to plaintiff on the basis of the absence of injury to defendant.
That the mere existence of a relationship of confidence does not alter the normal rule is demonstrated by the fact that Pattison v. Pattison (301 N. Y. 65, supra) involved brother and sister, Haug v. Haug (283 App. Div. 1107, supra); Kalman v. Kalman (275 App. Div. 715, supra) and Furman v. Furman (17 N. Y. S. 2d 907, affd. 259 App. Div. 988, mot. for lv. to app. dsmd. 284 N. Y. 591) all concerned husband and wife, Pierce v. Pierce (253 App. Div. 445, affd. 280 N. Y. 562, supra) and Sorrentino v. Sorrentino (75 N. Y. S. 2d 813, affd. 272 App. Div. 1067, supra) parent and child. When, however, the transferee uses the confidential relationship to dominate and overreach the transferor and thus obtain the conveyance, the parties are not in pari delicto and, notwithstanding the transferor’s intent to defraud his creditors, reconveyance by the transferee will be required (Place v. Hayward, 117 N. Y. 487 [transferee was plaintiff’s lawyer and plaintiff acted under his direction]); Fisher v. Bishop (108 N. Y. 25 [one of defendant transferees was legal advisor, plaintiff an old man ignorant of legal proceedings]); Boyd v. *267 De La Montagnie (73 N. Y. 4.98 [husband transferee, wife held not on equal terms]); Ford v. Harrington (16 N. Y. 285 [transferee was plaintiff’s lawyer, plaintiff a “ mere instrument ” in defendant’s hands]); Freelove v. Cole, 41 Barb. 318, affd. 41 N. Y. 619 [defendant son-in-law of plaintiffs and a justice court lawyer, plaintiff husband infirm of mind]); Watkins v. Jones, (78 Hun 496 [defendant son-in-law of plaintiffs and their business advisor, they relied upon his superior judgment]); Falcone v. Falcone (31 Misc 2d 740, revd. on other grounds 18 A D 2d 1127, app. withdrawn 13 N Y 2d 647 [wife transferee conceived plan with lawyer’s assistance, husband illiterate]); Weinhart v. Weinhart (193 Misc. 424, affd. 275 App. Div. 994 [plaintiff father transferred to son, summary judgment denied because plaintiff may be able to show basis of reliance]); Kremer v. Kremer (51 N. Y.S. 2d 394, affd. 269 App. Div. 827, mot. for lv. to app. den. 295 N. Y. 990 [plaintiff husband transferred to wife]); Isaacson v. Isaacson, 28 N. Y. S. 2d 517 [plaintiff father illiterate, transferred to son at son’s suggestion to help son evade draft]); and see Furman v. Furman (178 Misc. 582, affd. 262 App. Div. 512, affd. 287 N. Y. 772); Fellner v. Marino (4 Misc 2d 16); Dressel v. Hanser (101 Misc. 574); Senica v. Neidhardt (72 N. Y. S. 2d 387); Restatement, Trusts 2d (§ 422); Restatement, Restitution (§ 140); Restatement, Contracts (§ 604). Evident from the above is that exception will be made only when it can be said that the transferor was subservient to and controlled by the transferee (see Restatement, Trusts 2d, § 422, Comment d; Restatement, Restitution, § 140, Comment b; 24 N. Y. Jur., Fraudulent Conveyances, § 95, p. 517). On the facts of the instant case, however, subservience cannot be found. The testimony of the children was, and the court finds, that during the period between May, 1959 when the summons in the lawsuit against plaintiff was served and December, 1959 when the transfers were made, the lawsuit was a subject of constant discussion between the parties, that both plaintiff and defendant felt that it would be better if the properties were in defendant’s name because of the lawsuit, that after the lawsuit terminated defendant was to reconvey the properties. Plaintiff would have the court believe that he saw no necessity for transfer, but was nagged so by his wife that he executed the conveyances to keep peace. Whether nagging alone could constitute the domination which the law requires, the court need not decide (but see Senica v. Neidhardt, supra), for the court does not credit plaintiff’s version, finding it inconsistent with the testimony of his children Betty and Joseph called by him as witnesses. That contention aside, there is no other evidence of fraud, abuse of *268 confidence or other improper means upon which to base a finding of unequal guilt. Prior to execution of the deeds, the parties consulted an attorney, when the deeds were executed they also executed mutual wills and the deeds were backdated, one to 1956 and the other to 1958, all of which eloquently attests the intent of both to put the properties beyond the reach of the negligence action plaintiff should that action eventuate in a judgment against plaintiff herein. Plaintiff was as much of an instigator and actor in the transfers as was defendant; they were in pari delicto (Furman v. Furman, 178 Misc. 582, affd. 262 App. Div. 512, affd. 287 N. Y. 772).
It is not every potential claim against a transferor that will bring the unclean hands doctrine into play, however. In so stating, the court does not blink the facts that (1) under the Debtor and Creditor Law a “ creditor ” is a person having “ any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent ” (§ 270) and that a “ conveyance made * * * with actual intent * * * to hinder, delay or defraud either present or future creditors, is fraudulent ” (§ 276), even though the transferor was solvent (Pattison v. Pattison, 301 N. Y. 65, 73-74, supra) and (2) satisfaction of the judgment which transferor sought to avoid does not remove the taint (Pattison v. Pattison, p. 73; Jenkins v. Samuels, 17 Misc 2d 755, 757; see 30 C. J. S., Equity, § 95, subd. a, p. 1026). Moreover, it recognizes that the public policy which the ‘ ‘ unclean hands ’ ’ doctrine expresses requires application of the doctrine, though not pleaded as a defense, if plaintiff’s admission brings it into play (Hines v. Hines, 8 A D 2d 804; 20 N. Y. Jur., Equity, § 112, p. 132). What brings the doctrine into play, however, is a claim of substance. Thus, a transfer made prior to embarking upon a business in order to keep property free of claims that may arise out of the business is not tainted (Pagano v. Pagano, 207 Misc. 474, affd. 2 A D 2d 756, app. den. 2 N Y 2d 708; Stoner v. Stoner, 19 Misc 2d 761; see Foreman v. Foreman, 251 N. Y. 237). Moreover, where an accident involving transferor had occurred, but he never conceded responsibility for the accident, no claim was made against him, and there was no evidence of liability on his part (Tiedemann v. Tiedemann, 201 App. Div. 614, affd. 236 N. Y. 534); where there' was no evidence that any estate tax, which transferor sought to avoid, was due (Valenti v. Valenti, 279 App. Div. 677); where it was not shown that the claim which plaintiff sought to avoid had any substantial foundation (Ingersoll v. Weld, 103 App. Div. 554; Weinhart v. Weinhart, 193 Misc. 424, affd. 275 App Div. 994); where it was proved that the slander action *269 which motivated plaintiff’s transfer had been dismissed on motion (Baker v. Gilman, 52 Barb. 26); where it was proved that the assault claim which motivated plaintiff’s transfer was perjurious and an abuse of process (Watkins v. Jones, 78 Hun 496) in all those cases, the doctrine was refused application (see, also, Boyd v. De La Montagnie, 73 N Y. 498, 500; Buszozak v. Wolo, 125 Misc. 546; 24 N. Y. Jur., Fraudulent Conveyances, § 92, p. 513; Ann. 21 ALR 2d 589; Ann. 157 A. L. R. 945; contra Dressel v. Hanser, 101 Misc. 574). While the complaint herein admits the bringing of the negligence action against plaintiff and the transfer, it does not admit that the claim against plaintiff had substance. The testimony shows that the negligence action arose out of a job on which plaintiff was a subcontractor (not the general contractor, as the complaint alleged), that the owner and the general contractor were also defendants in the action, and that the action was disposed of without the payment of any money by plaintiff. Whether plaintiff’s insurance carrier made any contribution on his behalf or whether plaintiff was a defendant in the action simply because the negligence plaintiff sued everyone in the area cannot be ascertained from this record. Absent admission by plaintiff that the claim against him was one of substance, the burden was upon defendant to demonstrate that fact (Valenti v. Valenti, 279 App. Div. 677, supra; Weinhart v. Weinhart, 193 Misc. 424, affd. 275 App. Div. 994, supra; Kremer v. Kremer, 51 N. Y. S. 2d 394, affd. 269 App. Div. 827, supra; see Place v. Hayward, 117 N. Y. 487, supra). This she failed to do, and in light of the many eases referred to above in which transfers were made though there was no claim of substance, the court cannot infer, either from the fact that suit was brought or that the transfers were made, that the claim had substance.